## Ex Parte Nazario.

Solicitud para que se expida mandamiento de Habeas

Corpus.

No. 52. Resuelto en Mayo 18, 1905.

HABEAS CORPUS.—REQUISITOS DE LA SOLICITUD.—En las solicitudes de habeas corpus deberán expresarse los hechos que constituyan la ilegalidad de la prisión, así como el nombre del Alcaide ó persona que tenga detenido al prisionero, y si fuere desconocido, deberá expresarse así, y describirse de acuerdo con el art. 490 del Código de Enjuiciamiento Criminal, pues de lo contrario la solicitud será insuficiente.

ID.—TÉRMINO DE PRISION MAYOR QUE EL PERMITIDO POR LA LEY.—Si el peticionario hubiere sido condenado á un término de prisión mayor que el permitido por la ley, no podrá ser excarcelado en un procedimiento de habeas corpus hasta que hubiere cumplido el término fijado por la ley.

PRISIÓN POR DEFECTO DE PAGO DE MULTA Y COSTAS.—La facultad de las Cortes Municipales para imponer prisión en defecto de pago de multa y costas se regula, por las disposiciones del art. 54, y no por las del 322, del Código de Enjuiciamiento Criminal.

Los hechos están expresados en la Opinión.

La solicitud fué dirigida por el peticionario personalmente al Juez Asociado Sr. MacLeary.

EL JUEZ ASOCIADO SR. MACLEARY, emitió la siguiente opinión:

Habiéndose dirigido por correo esta solicitud de Habeas Corpus al que suscribe, y estando juramentada en forma, se le dá debida consideración.

Los hechos que el peticionario expresa para que se expida el mandamiento no son suficientes para justificar la expedición del mismo; ni muestra el peticionario la fecha

en que empezó dicha prisión, y aún cuando el término que á él se le exige cumplir fuera mayor que el que la ley permite no podría ser puesto en libertad mediante habeas corpus hasta tanto que no hubiera servido el término que la ley prescribe.

De la petición no hay medios para determinar si ha cumplido ya dicho término, ó nó. Tampoco muestra la solicitud el nombre del Alcaide la Cárcel de Ponce que tiene al prisionero bajo su custodia y el que le detiene, restringiéndole de su libertad; ni alega tampoco que sea desconocido, ni le describe de la manera que exige la sección 470 del Código de Enjuiciamiento Criminal.

No es necesario expresar la ley que regula este caso, y para exponer los principios de derechos aplicables al mismo basta solo hacer referencia á la opinión en el caso de Guadalupe Andino, Ex parte, recientemente resuelto por esta Corte. Se verá por esta resolución que las Cortes Municipales se rigen por la sección 54 del Código de Enjuiciamiento Criminal al imponer prisión por falta de pago de multa y costas, y no por la sección 322 de dicho Código.

Por las razones expresadas se deniega la expedición del mandamiento de habeas corpus.