**PRICE v. LOUISIANA RURAL REHABILI-
TATION CORPORATION.
No. 10510.**

Circuit Court of Appeals, Fifth Circuit.
March 29, 1943.

Rehearing Denied May 11, 1943.

G. P. Bullis, of Ferriday, La., for appellant.

Jesse C. McGee, of Harrisonburg, La., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

Appellant, owner of a farm in Louisiana, agreed to lease it to appellee for the years 1936 and 1937 at a stipulated rental. The lease contract provided that appellant should make certain improvements. After the improvements had been made, appellee declined to take possession under the lease and refused to pay any part of the rental.

This action, brought by appellant to recover damages for breach of the contract, was dismissed by the court below because of appellant's want of legal capacity to make it, due to the pendency of proceedings for composition and extension of appellant's debts under Section 75 of the Bankruptcy Act,[1] which deprived him of power to alienate the property without authority from the bankruptcy court.

Appellant filed a petition for composition and extension of his debts on October 31, 1933. The petition was approved by the court, and operated to stay foreclosure and other proceedings by creditors of appellant until the year 1937, when, because of appellant's failure to prosecute his petition in good faith, the proceedings were dismissed. The contract upon which this action is founded was executed in 1936, at which time the bankruptcy proceedings were pending, and the approval or authorization of the bankruptcy court was not sought or secured. The question is whether the contract was valid and enforceable.

Appellant contends that Section 75, supra, is not a true bankruptcy statute, in that it provides for the relief of debtors by composition and extension of debts instead of relieving bankrupts by extinguishment of debts; that dominion and control over the property of a bankrupt passes at once to the trustee, whereas the debtor is privileged to retain possession; and that by reason of the express provisions of subsection c of the statute,[2] after filing of the petition and prior to confirmation, the court exercises only such control over the property of the debtor as it deems to the best interests of the debtor and his creditors. Appellant points out that the court exercised no control over his property beyond the appointment of successive conciliation commissioners, and argues that he was free to deal with his property as he chose.

It may be conceded that farmer-debtor proceedings under Section 75 differ materially from ordinary bankruptcy proceedings, but it does not follow that the debtor's retention of physical possession empowers him to deal with the property without regard to the bankruptcy court. Indeed, the statute itself precludes any such construction. Section 75, sub. n of the Act[3] provides that the filing of a petition for composition or extension shall immediately subject the farmer and all of his property to the exclusive jurisdiction of the bankruptcy court, and that the jurisdiction and powers of the court with respect to the property of the debtor shall be the same as if a decree of adjudication as a voluntary bankrupt had been entered on the day the petition was filed.

In farmer-debtor proceedings, as in bankruptcy, it is the statutory purpose to afford equitable relief to the debtor and his creditors. Their antagonistic interests can be impartially protected only by investiture of exclusive jurisdiction over the property in a court of equity that is given

---

[1] 11 U.S.C.A. § 203.

[2] 11 U.S.C.A. § 203, sub. e.

[3] 11 U.S.C.A. § 203, sub. n.

administrative control equal to the task. Section 75, sub. n, plainly subjects the property of the debtor to the exclusive jurisdiction of the bankruptcy court, and charges the court with the duty of administering that property so as to safeguard and effectuate the interests of both debtor and creditor. Moreover, the court's control over the debtor and his property is expressly made coextensive with that of the court in ordinary bankruptcy proceedings. One who files a voluntary petition in bankruptcy, and is adjudicated a bankrupt, is wholly without power to alienate his property subsequent to the entry of the decree.[4]

The filing of the debtor's petition was a caveat and notice to all the world. Knowledge of appellant's incapacity to make a valid lease of the property was imputed to both parties, each being presumed to know the law, and acts done by either in reliance upon the validity of the contract cannot be said to result from the inducement of the other. Appellee never took possession under the lease, derived no benefit from it, made no representation in conflict with the position it now takes, and is not estopped to assert the invalidity of the contract.

The judgment appealed from might be affirmed on another ground. In 1934 appellant, in writing, leased the identical property to J. R. Belgarde for the years 1935 and 1936. Belgarde took possession of the property, farmed it in 1935, and placed his lease of record in 1936 before the contract in suit was executed. He claimed to be in rightful possession of the property until April, 1936, and then notified appellee that he did not intend to surrender possession unless his lessor, appellant, complied with the terms of some agreement with him. Whatever actual validity may have attached to the claims of Belgarde with respect to his rightful possession of the leased property, there was sufficient ostensible validity to justify appellee in declining performance of its agreement. In Louisiana one may re-fuse to take under a title against which litigation is threatened and disturbance probable, particularly where the contract was executed, as here, in reliance upon a covenant that the lessor has absolute and indefeasible title to the property involved.[5]

Affirmed.

HUTCHESON, Circuit Judge (concurring specially).

I agree that the judgment should be affirmed on the second ground. I agree, too, that the possession of the property, which under the statute appellant had, was subject to the supervision and control of the bankruptcy court, and that any contract he made with regard to that possession was subject to disapproval by the court. I do not agree that he was without capacity to make the lease in question. I think it clear that he could make it subject only to the disapproval of the court and that when it was signed and was not disapproved, appellee could not disaffirm it on the ground that it had not been positively approved.

The appellee did not decline to carry out the contract on the ground of appellant's want of authority to make it. It was clearly to the advantage of the property that the contract be made, and it is quite clear that if approval of the bankruptcy court had been requested, it would have been obtained. Appellee's president testified: "Mr. Avena, who was Conciliation Commissioner or chairman of the Farm Debt Adjustment Committee in Adams County, came to my office about the middle of April and made the proposition that we would take the property at that late date. You see it was getting too late to make a crop; that if we would take it at that late date he would make a proposition to lease the property for us for $1500 for 1936 and let the stipulated amount for 1937 stand and that he would call a certain merchant in Harrisonburg that day and get Mr. Belgarde in there and pay him off and get a cancellation of it. I told him it was too late; that we would wreck every farmer

4 Mueller v. Nugent, 184 U.S. 1, 22 S. Ct. 269, 46 L.Ed. 405; Acme Harvester Co. v. Beckman Lumber Co., 222 U.S. 300, 32 S.Ct. 96, 56 L.Ed. 208; Everett v. Judson, 228 U.S. 474, 33 S.Ct. 568, 57 L.Ed. 927, 46 L.R.A.,N.S., 154; Ex parte Baldwin, 291 U.S. 610, 54 S.Ct. 551, 78 L.Ed. 1020; In re Walker Grain Co., 5 Cir., 295 F. 120.

5 Kardis v. Barrere, 17 La.App. 433, 136 So. 135; Werckley v. New Orleans Homesite Co., Orleans No. 7668; Calhoun v. Teal, 106 La. 47, 30 So. 288. Cf. Michener v. Reinach, 49 La.App. 360, 21 So. 552; Bodcaw Lumber Co. v. White, 121 La. 715, 46 So. 782.

that we put on there. Had that come about thirty days earlier we would have been glad to take it."

In these circumstances, I think it does not lie in appellee's mouth to set up now an objection to the lack of formal approval by the bankruptcy court which if it had been asserted at the time, appellant would and could have removed.