FRANCISCO COLL MOYA, peticionario y apelado, *v.* ALCAIDE DE LA CÁRCEL MUNICIPAL DE SAN JUAN, demandado y apelante.

*Número:* AP-62-68 *Resuelto:* 10 de octubre de 1963

226

*J. B. Fernández Badillo, Procurador General,* y *Jenaro Marchand, Procurador General Auxiliar,* abogados del apelante; *Enrique González, Miguel A. Ortiz Lugo, Santos P. Amadeo,* y *G. Marrero Ledesma,* abogados del apelado.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

El Tribunal de Distrito, Sala de Río Piedras, Honorable José Pérez Rodríguez, Juez, le impuso nueve condenas por desacato al abogado Cayetano Coll Pujols. La misma sentencia sirvió para cada uno de los nueve casos. A continuación se copia:

"SENTENCIA

"Dictada la sentencia condenatoria en los casos de Pueblo vs. José Manuel Rivera Rodríguez, Crim. Núms. T62-16681, T62-16682 y T62-16683, por Infr. a la Ley de Vehículos y Tránsito, el Lic. Coll, abogado del acusado, se acercó a estrado y en voz baja le preguntó al Tribunal en qué forma quería que se preparara el escrito de apelación. El Tribunal respondió que se hiciera el escrito de acuerdo a la Ley lo cual sería suficiente. A ésto el referido abogado contestó con ademanes y gestos irrespetuosos y hablando algo que no se entendía. El Tribunal le llamó la atención al letrado respecto a su conducta y dio por terminado el incidente. El abogado continuó con su conducta irrespetuosa y a la Orden del Juez que suscribe al Marshal para que sacara al abogado de Sala, respondió: 'Eso lo hace porque está ahí arriba'. Ya antes el letrado había sido advertido que de continuar con su actitud ilegal sería castigado por Desacato. Por ello, y al oir lo que en comillas hemos indicado, procedimos

a imponerle al abogado una sentencia de $25.00 de multa. El abogado continuó con su conducta irrespetuosa, con voz alta, en actitud hostil dirigiéndose al Tribunal. No se callaba a pesar que se le ordenaba que se callara. No se retiraba a pesar de las gestiones al efecto del Marshal y del Hon. Juez Flores. Continuaba con su conducta a pesar de que el Tribunal le iba contando las sentencias por desacato que imponía. En varias ocasiones el abogado de referencia le dijo al Tribunal: 'Siga poniendo desacatos.' En otra ocasión en el incidente que estamos refiriendo el letrado tildó al Juez que suscribe de abusador. En otra se expresó en el sentido de que lo iban a tener que matar. Las desobediencias de órdenes, conducta irrespetuosa, frases arriba indicadas totalizaron nueve transacciones distintas las cuales motivaron las nueve sentencias de $25.00 que impusimos al acusado. Todo lo anteriormente expuesto ocurrió mientras el Tribunal se encontraba en sesión en su Sala C y a las 11:30 A.M., más o menos del día 29 de junio de 1962, en Río Piedras. Entre otras personas se encontraban en Sala, los compañeros Jueces Mayo y Flores Rodríguez, el Lic. Rivera Bernard, la Secretaria y el Marshal.

"La situación arriba expresada constituyó conducta irrespetuosa, desordenada, desdeñosa e insolente hacia el Tribunal, no acatándose las órdenes de éste y pronunciándose por el acusado las frases ya indicadas ofensivas e injuriosas contra el Juez. El Tribunal consideró toda esta conducta constitutiva de desacatos y condenó al abogado pagar $25.00 con costas en cada caso (9) o a cumplir la cárcel correspondiente.

"En vista de todo lo expuesto, se le ordena a usted, Alguacil de esta Sala, para que dé cumplimiento a los términos de esta sentencia ingresándose al convicto en la cárcel correspondiente de no hacerse efectivas las sentencias aquí impuestas. Por la presente se le ordena también al Alcaide Cárcel Municipal de San Juan, para que reciba e ingrese al Lic. Cayetano Coll Pujols hasta el pago de las sentencias aquí impuestas o cumplimiento de la cárcel correspondiente, 25 días en 9 casos.

"REGÍSTRESE Y NOTIFÍQUESE.

"RÍO PIEDRAS, P.R., a 29 de junio de 1962.

(Fdo.) JOSÉ PÉREZ RODRÍGUEZ
JUEZ"

El 29 de junio de 1962, Francisco Coll Moya, radicó ante la Sala de San Juan del Tribunal Superior una petición de hábeas corpus a favor de Coll Pujols. Se alegó "[q]ue el Lcdo. Cayetano Coll Pujols primo hermano del peticionario se encuentra ilegalmente detenido y bajo la custodia del Alcaide de la Cárcel Municipal de San Juan."

El auto fue expedido el mismo día en que fue solicitado. La vista del hábeas corpus se celebró el 24 de julio y en ese mismo día el fiscal radicó la contestación en la que negaba "que el Lcdo. Cayetano Coll Pujols se encuentra ilegalmente detenido y en contrario alega que la detención es válida por cuanto obedece a sentencias correctamente dictadas por el Tribunal de Distrito, Sala de Río Piedras". Al iniciarse la vista, el fiscal levantó la cuestión de que el peticionario no había radicado su contestación al escrito radicado por el alcaide. Su contención está basada en lo expuesto en *Hoyos* v. *Tribl. Superior*, 80 D.P.R. 633 (1958). Allí dijimos a la página 640:

"Es cierto que bajo dicho artículo, al igual que bajo su equivalente en el estatuto de California, la función de la petición en un recurso de *Hábeas Corpus* es la de asegurar u obtener que el juez o la corte expida el auto, y que una vez que el auto ha sido expedido la petición ha cumplido todos sus propósitos. El auto requiere una contestación por escrito *(return)* de la persona contra quien fue expedido. Esta contestación *(return)* es la alegación que corresponde a la demanda en las acciones civiles. *Vázquez* v. *Díaz*, 63 D.P.R. 873, 876. La parte traída ante el tribunal o juez al diligenciarse el auto puede radicar una contestación *(traverse)* negando o controvirtiendo cualquiera de los hechos o materia expuesta en el *'return'*, o excepcionar su suficiencia, o alegar cualquier hecho para demostrar que su prisión o detención es ilegal o que tiene derecho a su excarcelación. Esta contestación *(traverse)* es la alegación que traba la contienda en el caso. Si el *'return'* no es atacado en la forma antes indicada, mediante la correspondiente contestación *(traverse)*, se considera aceptado y si es legalmente suficiente se debe declarar el auto sin lugar y devolverse el detenido a custodia. La petición

puede ser considerada como la contestación al auto *(traverse)* cuando alega los hechos esenciales para sostener el caso del peticionario, mediante estipulación de las partes y aprobación de la corte. Cuando no se celebra tal estipulación la petición no debe ser considerada al determinarse la controversia envuelta en el recurso."

El Tribunal declaró sin lugar la cuestión en vista de que el demandado había radicado su contestación el mismo día de la vista.

El peticionario expresó los fundamentos de su petición al iniciarse la vista. Uno de sus abogados expresó que "[t]enemos, en primer lugar, Señor Juez, que la sentencia o las sentencias dictadas en estos casos son nulas e ilegales por no haberse seguido el procedimiento de ley; en primer lugar, porque no se emitió una sentencia por separado para cada caso, en cuya sentencia se venía obligado a especificar los hechos que dieron motivo a cada sentencia . . . Entendemos, Señor Juez, que para ajustarse a la ley y a la jurisprudencia el Honorable magistrado Pérez Rodríguez venía obligado a dictar por separado una sentencia para cada caso, haciendo constar, Señor Juez, en esa sentencia que así se decretara, [*sic*] la relación completa de hechos que dieron motivo al castigo en ese caso en particular por el delito de Desacato . . . Porque aún asumiendo que todas estas sentencias constituyen una sola, por no haberse cumplido con esas formalidades, Señor Juez, no aparece ningún mandamiento por separado en documento aparte como se exige para el ingreso del compañero Coll Pujols a la cárcel. Porque se impuso una sentencia sin autoridad para ello por el Hon. Juez Pérez Rodríguez, toda vez que la ley establece un máximo de pena y el Juez se excedió en la imposición de esa pena, según aparece claramente de la propia sentencia en este caso."

Se declaró con lugar el hábeas corpus. En la sentencia el Tribunal Superior expone:

"Como podrá verse, tanto de la sentencia de los casos de desacato, que obra en autos, como de la prueba testifical que se ofreció en la vista, el incidente que dio lugar a la imposición de las sentencias, fue de corta duración y se desarrolló de principio a fin como una sola transacción. El Tribunal recurrido transgredió su jurisdicción al imponer al supuesto desacatador nueve sentencias, como si se tratara de actos separados.

"En los casos de referencia el magistrado sentenciador solamente emitió una sentencia para abarcar y comprender los nueve casos de desacato, cuando venía obligado a emitir sentencias y mandamientos independientes para cada caso y en cada orden o mandamiento venía obligado a consignar, según lo dispone la ley, el acto o actos constitutivos de dicho desacato, así como los demás particulares que el estatuto dispone. Este aspecto del trámite entraña una importancia vital en la aplicación de las normas del debido procedimiento de ley, no sólo en lo que respecta a la determinación que el sentenciador pudiera tomar en cuanto a su derecho a apelar de una o varias sentencias y cumplir el resto, si que también en lo que atañe a la responsabilidad de los funcionarios que han de velar por el cumplimiento y ejecución de dichas sentencias.

*'Where a defendant is found guilty of separate acts constituting contempt, judgment must be pronounced separately for the separate contempts'. Lindsley v. Superior Court of California, in and for Humboldt County, 245 P. 212, 218; 76 Cal. App. 419, citando a Corpus Juris; 17 C.J.S., p. 124, escolio 32.'*

"
. . . . . . . .

"Concluimos que el tribunal recurrido se excedió en su autoridad y jurisdicción y privó al sentenciado del debido procedimiento de ley y en consecuencia violó los derechos constitucionales del abogado recurrente.

"Por los fundamentos expresados en esta Sentencia, así como por las alegaciones de las partes y la prueba desfilada en la ventilación del recurso, se decreta que las sentencias impuestas por el Tribunal de Distrito de Puerto Rico, Sala de Río Piedras, en los casos criminales 62-5517, 62-5518, 62-5519, 62-5520, 62-5521, 62-5522, 62-5523, 62-5524, y 62-5525, El Pueblo de Puerto Rico v. Cayetano Coll Pujols, por desacato en corte abierta, son nulas y sin eficacia legal alguna, y en su virtud se

revocan dichas sentencias y se absuelve libremente al detenido, decretándose su inmediata libertad y la cancelación de la fianza por éste prestada."

El Pueblo apeló. Señala dos errores, (1) Erró el tribunal de instancia al entender en el recurso sin que se hubiese radicado por el peticionario una contestación *(traverse)* a la contestación del auto *(return)*; (2) Erró el tribunal a quo al revocar la sentencia dictada con jurisdicción por el Tribunal de Distrito de Río Piedras y absolver al Lic. Cayetano Coll Pujols sin tener autoridad en ley para ello.

El primero de los errores apuntados entendemos no se cometió. Si bien es cierto que en el caso de *Hoyos* mencionamos la necesidad de que se radicara por el peticionario una contestación al escrito radicado por la persona que lo tiene bajo su custodia, apuntamos que "la petición puede ser considerada como la contestación al auto *(traverse)* cuando alega los hechos esenciales para sostener el caso del peticionario, mediante estipulación de las partes y aprobación de la corte". En este caso si bien en la petición no se expuso la contención del peticionario, su abogado, como dejamos consignado anteriormente, lo hizo al comienzo de la vista. La contienda quedó claramente establecida. Y habiendo el querellado radicado su escrito el mismo día de la vista, era razonable permitir que el peticionario expusiera su tesis oralmente.

El segundo error apuntado se funda en que el Tribunal Superior no tenía autoridad en ley para decretar la libertad del peticionario. La médula de este apuntamiento estriba en la doctrina reiteradamente enunciada por este Tribunal al efecto de que en hábeas corpus no obstante la amplitud con que lo ha aplicado, se ha negado a conceder el auto para corregir cuestiones de derecho o de hecho a menos que hubieran sido de carácter jurisdiccional o que hubiera estado en la misma envuelta alguna violación de derechos constitucionales o estatutarios que conlleve la nulidad de la sentencia". *Valentín* v. *Torres*, 80 D.P.R. 463, 474 (1958); *Ex Parte Pesquera*, 17

D.P.R. 736 (1911); *Ex Parte Le Hardy*, 17 D.P.R. 1024 (1911). Pero más adelante en el caso de *Valentín* expresamos:

"Cuando ha precedido una convicción, el recurso de hábeas corpus constituye un ataque colateral contra la sentencia. Es cierto que la regularidad de los procedimientos que culminaron en la misma se presume; pero la jurisdicción inicial de un tribunal sentenciador puede perderse o excederse en el curso de esos procedimientos y resultar éstos viciados de nulidad al quebrantarse sustancialmente las garantías constitucionales del acusado. La tendencia moderna judicial favorece el ensanchamiento de la esfera de investigación en el recurso para conservar las salvaguardias constitucionales de la libertad humana."

A la luz de este principio, procede pues considerar si el Juez de Distrito se excedió en su autoridad al imponerle nueve condenas por desacato al abogado Coll Pujols.

■ En nuestra jurisdicción específicamente se requiere —Ley de 1ro. de marzo de 1902, 33 L.P.R.A. sec. 519— ([1]) que "[s]iempre que alguna persona fuere multada o encarcelada por desacato a una corte . . . deberá firmarse por el juez . . . sentenciador una orden o mandamiento para dicha multa o prisión, *consignándose en el mismo el acto o actos constitutivos de dicho desacato, así como la fecha y lugar de su comisión y circunstancias de la misma,* con especificación de la sentencia *del tribunal, sin lo cual dicha sentencia quedará enteramente nula y sin efecto.*" (Énfasis suplido.)

Si no aparecen los hechos que constituyen el desacato así consignados la sentencia es nula. En *Ex Parte Bird*, 3 D.P.R. 268 (1903) decretamos la excarcelación del allí peticionario por no haberse consignado el acto constitutivo del desacato en el mandamiento de arresto.

En la Anotación *Contempt–Findings*, 154 A.L.R. 1227 (1945) se expone la regla así:

---

([1]) La Regla 242 de las de Procedimiento Criminal, hoy vigente, dispone en parte: "La orden condenando por desacato expondrá los hechos y será firmada por el juez dejándose constancia de ella en las minutas del tribunal".

"Se ha sostenido, en la abrumadora mayoría de las jurisdicciones, que una orden o sentencia de desacato directo debe contener una exposición de los hechos sobre los cuales la decisión está basada, siendo el propósito de dicho requisito permitir al tribunal de apelación determinar, mediante una inspección del récord, si un desacato ha sido realmente cometido y si la corte tenía jurisdicción para castigarlo."

La Corte Suprema de California en *Chula* v. *Superior Court*, 368 P.2d 107 (1962) recientemente la expuso en estos términos:

"Una orden sentenciando una persona culpable de desacato cometido en presencia de la corte debe exponer hechos que demuestren actos constitutivos de un desacato. Éste es un requisito jurisdiccional y una orden que intente castigar sumariamente un desacato directo es nula a no ser que aparezcan de su faz hechos suficientes constitutivos de desacato. Dichos hechos deben ser expuestos con suficiente particularidad, para demostrar, sin necesidad de especulación alguna, que el desacato realmente ocurrió."

Al mismo efecto: *Parmelee Transportation Company* v. *Keeshin*, 294 F.2d 310 (7th Cir. 1961); *State* v. *Treon*, 188 N.E.2d 308 (Ohio 1963); *Application of Balucan*, 353 P.2d 631 (Hawaii 1960); *People* v. *Mason*, 190 N.E.2d 494 (Ill. 1963); *Scott* v. *Davis*, 328 S.W.2d 392 (Mo. 1959); *Stern* v. *Chandler*, 134 F.2d 550 (Mo. 1957); *State* v. *Murray*, 102 N.E.2d 251 (Ind. 1952); *Waldman* v. *Churchill*, 186 N.E. 690 (N.Y. 1933).

En Dangel, *N.L.M. Contempt*, (ed. 1939) se dice a la página 255:

"Compete a toda corte que guarde el debido cuidado por los derechos de los ciudadanos y el debido respeto a su propia investidura el exponer explícitamente en su sentencia los hechos constitutivos de desacato. Las determinaciones de hechos de la corte deben estar claramente expuestas en la sentencia."

■ Examinemos la orden emitida en el presente çaso para determinar si cumple con las exigencias que la ley y la jurisprudencia establecen.

A pesar de que hay ciertas expresiones nuestras en *Pueblo* v. *Báez*, 72 D.P.R. 175 (1951) y *De Torres* v. *Corte*, 58 D.P.R. 515 (1941) al efecto dé que se requieren dos documentos separados—sentencia y mandamiento—y que es en el segundo donde debe consignarsè los actos específicos de desacato, no vemos objeción de peso alguna en contra de que se consigne en un solo documento todo lo requerido por el estatuto. No sería de mayor beneficio para un condenado por desacato el que la corte expidiera primero una sentencia en que sólo consignara que lo declaraba incurso en desacato y le impusiera una pena y entonces en el mandamiento de arresto consignara todo lo requerido por la Sec. 3 antes transcrita. ¿En qué se le perjudica si la corte dicta una sentencia consignando todos los detalles requeridos por la Sec. 3 con imposición de la pena incluyendo además el mandamiento de arresto todo firmado por el juez sentenciador? Véase *State* v. *Treon*, supra, a la pág. 314.

La contención de que debe dictarse una sentencia separada para cada caso de desacato en la cual sólo se relate el incidente a que se contrae está basada en un ceñirse estricto a la forma. El formulismo, como norma general, sólo tiene razón de ser cuando ayuda a salvaguardar derechos fundamentales. Por eso requerimos que se cumpla estrictamente con el requisito de exponer claramente en qué consiste el acto constitutivo del desacato. Mas el que esa relación aparezca en dos documentos separados en lugar de en uno, en nada ayuda a salvaguardar los derechos de la persona incursa en desacato.

Analizando la sentencia dictada encontramos que en la misma se consigna lo requerido por la ley en cuanto a dos desacatos. Veamos en cuanto al primero. Surgió un incidente y el abogado a un comentario del juez "contestó con ademanes y gestos irrespetuosos . . . El Tribunal le llamó la atención al letrado respecto a su conducta y dio por terminado el incidente. El abogado continuó con su conducta irrespetuosa y a la Orden del Juez que suscribe al Marshal para que sacara

al abogado de Sala, respondió: 'Eso lo hace porque está ahí arriba'. Ya antes el letrado había sido advertido que de continuar con la actitud ilegal sería castigado por Desacato. Por ello, y al oir lo que en comillas hemos indicado procedimos a imponerle al abogado una sentencia de $25.00 de multa." Aquí terminó el primer incidente y del documento surge claramente la conducta irrespetuosa constitutiva del desacato.

Luego de lo anterior, continúa el documento: "El abogado continuó con su conducta irrespetuosa, con voz alta, en actitud hostil dirigiéndose al Tribunal. No callaba a pesar de que se le ordenaba que se callara. No se retiraba a pesar de las gestiones al efecto del Marshal y el Hon. Juez Flores. Continuaba con su conducta a pesar de que el Tribunal le iba contando las sentencias por desacato que imponía. En varias ocasiones el abogado de referencia le dijo al Tribunal: 'Siga poniendo desacatos'. En otra ocasión en el incidente que estamos refiriendo el letrado tildó al Juez que suscribe de abusador. En otra se expresó de que lo iban a tener que matar." Hasta aquí hay indudablemente otro desacato. El propio Juez lo clasifica como un incidente.

Podría sostenerse que de la parte última transcrita surge la comisión de más de un desacato. Uno, cuando el abogado persistió con la misma conducta luego de sentenciársele por el primer desacato; otro, cuando tildó al juez de abusador y otro más, cuando manifestó que lo iban a tener que matar. Pero de la forma en que está redactado el documento no aparece claro si esas dos últimas expresiones formaban parte del incidente surgido luego que el juez le impuso el primer desacato, ya que el juez hace constar "que en otra ocasión en el incidente que estamos relatando el letrado tildó al juez que suscribe de abusador" y "en otra expresó que lo iban a tener que matar". Aparentemente esto formaba parte del incidente ocurrido inmediatamente después de la primera sentencia. Una sentencia por desacato directo, que no debemos olvidar en un proceso sumario en la cual el supuesto desacata-

dor no tiene oportunidad de explicar su conducta, ya que el juez puede imponerle la sentencia inmediatamente que considera que se ha cometido un acto constitutivo de desacato, debe ser precisa y clara. "[Los] hechos deben ser expuestos con suficiente particularidad, para demostrar, sin necesidad de especulación alguna, que el desacato realmente ocurrió". *Chula* v. *Superior Court*, supra. No debe haber lugar a conjeturas ni a interpretaciones. Debe hacerse constar claramente cada incidente constitutivo de desacato. "La orden requerida, que constituye tanto las determinaciones de hecho como la sentencia, debe exponer suficientes hechos, con suficiente particularidad, para demostrar que el desacato ha ocurrido. (Casos) En casos de desacato no hay presunción en favor de la regularidad de los procedimientos en cuanto a defectos jurisdiccionales se refiere. (Casos) Si la jurisdicción no es demostrada afirmativamente, una corte de apelación no puede permitir una presunción a su favor." *Kroneberger* v. *Superior Court*, 16 Cal. Rptr. 339, 341 (Cal. 1961).

■ Ahora bien, luego de los dos incidentes que se relatan en la sentencia, como lo exige la ley, el juez continúa así: "Las desobediencias de órdenes, conducta irrespetuosa, frases arriba indicadas totalizaron nueve transacciones distintas, las cuales motivaron las nueve sentencias de $25.00 que impusimos al acusado."

Las siete sentencias en adición a las dos relatadas anteriormente no cumplen con lo estatuariamente preceptuado. La corte pues se excedió en su jurisdicción al imponer nueve sentencias en lugar de dos.

■ La conducta del abogado Cayetano Coll Pujols es censurable por demás, especialmente considerando que por la esencia de su posición misma el magistrado ante la serie de improperios que se le dirigían, no podía descender al terreno en que dicho abogado pretendía llevarle. Sólo por la circunstancia de no haber el juez consignado específica y detalladamente en qué consistía cada desacato, como hemos visto lo re-

quiere taxativamente la ley, es que consideramos que siete de las nueve condenas fueron impuestas sin jurisdicción. El abogado está en el deber de siempre guardar respeto y consideración a los tribunales. Nunca debe olvidar que es un funcionario que tiene la obligación de mantener inmaculada la imagen de la justicia. Si los abogados no guardan respeto al juez ¿qué ha de esperarse de las demás personas que ante él acuden? ¿Qué concepto de respeto y consideración hacia el tribunal tendrán los ciudadanos que estaban presentes cuando ocurrieron los hechos que dieron motivo a las condenas por desacato? Es por esto que el Primer Canon de Etica, de los que rigen la conducta de los abogados de Puerto Rico dispone que "es deber del abogado observar hacia el tribunal una actitud respetuosa, no a beneficio del que entonces desempeñare el cargo de juez, sino para dar prestigio al cargo mismo y sostener su capital importancia."

■ Como dos de las sentencias impuestas por el Juez de Distrito son válidas y todavía no han sido cumplidas, no procede el hábeas corpus. La cuestión de que el juez sentenció al acusado a cumplir 25 días de cárcel en cada caso si no hacía efectiva la multa impuesta, cuando la ley establece que en defecto del pago "la persona culpable podrá ser recluida en la cárcel local más inmediata por el período máximo de veinte (20) días", tampoco puede ser levantada hasta tanto haya cumplido la parte válida de las dos sentencias. *Méndez v. Delgado,* 83 D.P.R. 184 (1961); *Ex Parte Texidor,* 8 D.P.R. 534 (1905); *Ex Parte Nazario,* 8 D.P.R. 459 (1905); *Ex Parte Rivera,* 4 D.P.R. 102 (1903); *Ex Parte Rodríguez,* 3 D.P.R. 297 (1903). Véanse además, *Díaz v. Campos,* 81 D.P.R. 1009 (1960) y *Vázquez v. Rivera,* 70 D.P.R. 218 (1949).

*Por los fundamentos antes expuestos se revocará la sentencia dictada por el Tribunal Superior y se dictará otra declarando sin lugar el hábeas corpus.*