EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE BAYAMÓN, HON. AUGUSTO PALMER, JUEZ, demandado; FERNANDO GALLARDO DÍAZ, interventor.

*Número:* C-65-36        *Resuelto:* 1 de junio de 1965

*J. B. Fernández Badillo, Procurador General,* y *Manuel Tirado Viera, Procurador General Auxiliar,* abogados del peticionario; Fernando Gallardo Díaz, *pro se,* y *Edelmiro Martínez Rivera,* abogado del interventor.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

El interventor, un abogado, fue condenado por un desacato supuestamente cometido en presencia del magistrado que le sentenció. La orden dictada(¹) por el Juez de Distrito a raíz del incidente que dio margen a la condena, expresa lo siguiente:

"POR CUANTO: en el día de hoy el acusado Al Epígrafe en presencia de este Tribunal observó la conducta que indico a continuación, la cual este Juez Certifica que Vio y Oyó.

Conducta desdeñosa e insolente hacia el Tribunal al decir en voz alta; 'Estamos en un país civilizado y presumo que usted lo es' dirigiéndose al Juez, estando el Tribunal constituído en Sala de Justicia.

"POR CUANTO: dicha conducta a juicio de este Tribunal es una constitutiva del delito de desacato;

---

(¹) La Regla 242 (a) de las de Procedimiento Criminal de 1963 dispone:
"Procedimiento sumario. El desacato criminal podrá castigarse en forma sumaria siempre que el juez certifique que vio u oyó la conducta constitutiva de desacato, y que se cometió en presencia del tribunal. La orden condenando por desacato expondrá los hechos y será firmada por el juez, dejándose constancia de ella en las minutas del tribunal."

"Por Tanto: el Tribunal declara culpable al acusado Fernando Gallardo Diaz por el delito de Desacato Criminal a virtud de lo dispuesto en la Regla 242(a) de las Reglas de Procedimiento Criminal y lo condena a la pena de $10.00 de multa sin costas o en efecto [*sic*] pago de 10 días de cárcel y se ordena que dicho acusado sea trasladado sin demora al cuidado del funcionario correspondiente y sea detenido por éste hasta que la sentencia se hubiere cumplido."

Al oir la sentencia el abogado expresó "Yo Apelo". El juez entendió que tal expresión dicha en esa ocasión constituía desacato. Dictó la orden que a continuación copiamos:

"Por Cuanto: en el día de hoy el acusado Al Epígrafe en presencia de este Tribunal observó la conducta que indico a continuación, la cual este Juez Certifica que Vio y Oyó.

Al Sentenciarse por Desacato contestó a toda boca, interrumpiendo al Tribunal 'YO APELO'.

"Por Cuanto: dicha conducta a juicio de este Tribunal es una constitutiva del delito de desacato;

"Por Tanto: el Tribunal declara culpable al acusado Fernando Gallardo Diaz por el delito de Desacato Criminal y a virtud de lo dispuesto en la Regla 242(a) de las Reglas de Procedimiento Criminal y lo condena a la pena de $10.00S/C o en defecto 10 días de cárcel y se ordena que dicho acusado sea trasladado sin demora el cuidado del funcionario correspondiente y sea detenido por éste hasta que la sentencia se hubiere cumplido.

"Dada en sesión pública de este Tribunal en Bayamón, P.R., hoy 8 de Octubre de 1964."

Los hechos ocurrieron el 8 de octubre del pasado año. El 4 de diciembre siguiente el juez preparó una "Relación de Hechos", como si se tratara de un caso ordinario en el cual se ha dictado sentencia y la parte perjudicada apela. El documento preparado dos meses después del incidente dice así:

"En la mañana del día 8 de octubre del corriente año y mientras el suscribiente presidía el salón de sesiones debidamente constituido en sala de justicia, se llamó el caso criminal número

T 64-5421, que seguía El Pueblo de Puerto Rico contra el ciudadano Eladino Alicea Aponte por una alegada infracción a la sección 5-201 de la Ley de Tránsito de Puerto Rico. Compareció el acusado y su abogado, el Lcdo. Fernando Gallardo Diaz, no así los testigos perjudicados. El Tribunal suspendió el caso para el día 10 de noviembre de 1964 y ordenó el arresto por desacato de los testigos ausentes. Inmediatamente el Lcdo. Gallardo Diaz, en forma violenta y en voz alta le manifestó al Tribunal, cito; 'Eso es ilegal e incorrecto y es un abuso ordenar el arresto de estas personas porque no han sido citadas.' El Tribunal le indicó al letrado que estas personas habían sido citadas de acuerdo con la Regla 8(c) y que tendrían su día en corte. El Lcdo. Gallardo Diaz manifestó al Tribunal que a principios del mes de agosto pasado él llamó al presunto perjudicado a su oficina y le preparó una moción de archivo por 'falta de interés' y que la misma había sido declarada sin lugar por 'algún animal' sin escucharle.

"En vista de que la Sala estaba atestada de público y para evitar un incidente mayor, pasé por alto esta expresión. El Lcdo. Gallardo Diaz manifestó que a él lo habían citado como testigo y que . . . 'eso no lo tolero yo'; 'yo soy abogado'; 'esto es obra del Secretario;' 'El deber de ustedes los jueces es instruir a los empleados para que no metan la pata' 'a mi no me gusta eso'; 'yo todavía soy Juez'. Asimismo manifestó que él había instruido a los testigos para que no comparecieran porque 'voy a preparar otra moción'.

"En vista de que los testigos fueron inducidos por el abogado del acusado a no comparecer, el Tribunal ordenó a la Policía que enviara una patrulla a buscar testigos ausentes para ver el caso en un turno posterior. El Lcdo. Gallardo Diaz, en forma violenta y en voz descompuesta contestó que 'estamos en un país civilizado y presumo que usted lo es'.

"En estos precisos momentos di un fuerte malletazo y le llamé la atención al letrado, encontrándolo incurso en desacato y lo sentencié al pago de $10.00 de multa, sin costas, o a cumplir en defecto de pago 10 días de cárcel. El Lcdo. Gallardo contestó 'yo apelo', a toda boca y procedí a sentenciarle nuevamente por desacato y le impuse la misma penalidad anterior. Volvió a replicar, 'yo apelo también' en forma aún más violenta. Inmediatamente ordené al Alguacil de la Sala y a un Policía que lo

sacaran del salón porque no se podía seguir trabajando. Se decretó un receso. El Lcdo. Gallardo radicó dos escritos de apelación y nótese que debajo de su firma le añade la palabra 'juez'. A petición y ruego del Lcdo. Julio Mejías Santana, el acusado fue dejado bajo su custodia en libertad.

"Este incidente no fue grabado porque el caso contra el señor Eladino Alicea Aponte no llegó a comenzar y el incidente fue posterior a la suspensión del caso.

"Dada hoy 4 de diciembre de 1964."

Señalado el caso para verse en el Tribunal Superior, el apelante objetó la anterior relación de hechos alegando que no refleja lo ocurrido. Recabó su derecho a presentar prueba para demostrar lo que según él realmente ocurrió. El fiscal se opuso. Alegó que en casos de desacato cometidos en presencia del tribunal, la relación que hace el juez es definitiva y que no procede por tanto oir prueba de clase alguna. El juez falló a favor del apelante. Resolvimos revisar su actuación.

Se hace innecesario resolver la cuestión que motivó la expedición del auto. Examinadas las órdenes dictadas por el tribunal al declarar culpable al interventor, encontramos que no cumplen con lo exigido por la ley. Veamos.

En *Coll Moya* v. *Alcaide, Cárcel Municipal,* 89 D.P.R. 225 (1963), citamos la disposición de la Ley de 1ro. de marzo de 1902—33 L.P.R.A. sec. 519—al efecto de que "Siempre que alguna persona fuere multada o encarcelada por desacato a una corte o a la Comisión Industrial deberá firmarse por el juez o comisionado sentenciador una orden o mandamiento para dicha multa o prisión, consignándose en el mismo el acto o actos constitutivos de dicho desacato, así como la fecha y lugar de su comisión y circunstancias de la misma, con especificación de la sentencia del tribunal, sin lo cual dicha sentencia quedará enteramente nula y sin efecto." Y citamos de *Chula* v. *Superior Court,* 368 P.2d 107 (1962) en el sentido que los ". . . hechos deben ser expuestos con

suficiente particularidad, para demostrar, sin necesidad de especulación alguna, que el desacato realmente ocurrió".

La ley requiere que esto se haga en el mandamiento de encarcelación. En *Coll Moya* expusimos la razón del requisito y citamos a esos efectos de la Anotación que aparece en 154 A.L.R. 1227 (1945) lo siguiente:

> "Se ha sostenido, en la abrumadora mayoría de las jurisdicciones, que una orden o sentencia de desacato directo debe contener una exposición de los hechos sobre los cuales la decisión está basada, siendo el propósito de dicho requisito permitir al tribunal de apelación determinar, mediante una inspección del récord, si un desacato ha sido realmente cometido y si la corte tenía jurisdicción para castigarlo."

En las órdenes o mandamientos expedidos el 8 de octubre no se expusieron las circunstancias que rodearon las expresiones que se alega constituyen desacato. Meramente se consignó que en el primero el abogado había expresado en voz alta, dirigiéndose al juez, "estamos en un país civilizado y presumo que usted lo es", y en el segundo al sentenciarse por desacato contestó a toda boca interrumpiendo al Tribunal "yo apelo". Es en la relación de hechos preparada por el juez dos meses después de ocurrido el incidente que motivó las condenas, que se hace una relación detallada de los actos constitutivos de los supuestos desacatos y de las circunstancias que rodearon los mismos. Una comparación de las órdenes y la relación de hechos demuestra cumplidamente lo afirmado. La ley requiere que en el mandamiento de encarcelación expedido a raíz del incidente se haga constar "el acto o actos constitutivos de dicho desacato, así como la fecha y lugar de su comisión y circunstancias de la misma". Un documento preparado dos meses después de ocurrido el incidente ciertamente no puede curar los defectos de que adolece el mandamiento original. A ese efecto recuérdese que la ley dispone que si no se cumple con este requisito la "sentencia quedará enteramente nula y sin efecto". Y es un

procedimiento de estricta observancia, ya que se condena a una persona sumariamente, sin todas las salvaguardas procesales que acompañan a todo acusado en los casos ordinarios. Es la única protección que se tiene en este procedimiento, para que un tribunal superior pueda determinar "si un desacato ha sido realmente cometido y si la corte tenía jurisdicción para castigarlo".

*En vista de la conclusión a que hemos llegado, se anulará el auto expedido, y se devolverá el caso al Tribunal Superior, Sala de Bayamón, con instrucciones de que revoque la sentencia condenatoria dictada por el Tribunal de Distrito y absuelva al allí apelante.*

El Juez Presidente Interino Señor Pérez Pimentel no intervino.