EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PABLO JOSÉ SANTIAGO LAVANDERO, acusado y apelante.

*Número:* CR-78-70      *Resuelto:* 30 de abril de 1979

---

648

El apelante compareció por derecho propio; *Héctor A. Colón Cruz, Procurador General, Rose Mary Corchado Lorent* y *Eliadís Orsini Zayas, Procuradoras Generales Auxiliares,* abogados del apelado.

PER CURIAM: El apelante, abogado en ejercicio de su profesión, fue declarado incurso en desacato y sentenciado a una pena de treinta días de cárcel como culminación de un incidente durante la vista de un caso en que participaba en representación de una parte en el Tribunal Superior, Sala de Bayamón. El incidente se suscitó a eso de las once de la mañana y la condena se produjo en corte abierta, decretándose entonces un receso hasta las dos de la tarde. Al llamarse el

caso luego del receso, la Hon. Juez que presidía la vista llamó al apelante y en su presencia leyó para récord su "Sentencia por desacato sumario y orden de encarcelación," que transcrita literalmente dice así:

"Sentencia por Desacato Sumario y Orden de Encarcelación

El día 27 de marzo de 1978 a las nueve de la mañana se continuó la vista en su fondo del caso del epígrafe, la cual había comenzado el día 21 de marzo de 1978. A la vista del día de hoy comparecieron los abogados de las partes, por la parte demandante los licenciados Andrés Díaz Nieves y Sabino Cotto Cruz y por la parte demandada el licenciado Pablo José Santiago Lavandero.

A alrededor de las once de la mañana del día de hoy 27 de marzo de 1978 y de ahí en adelante, hasta que el Tribunal se vio obligado a decretar un receso para evitar que se continuara hiriendo la dignidad judicial, el licenciado Pablo José Santiago Lavandero incurrió en conducta altamente irrespetuosa y lesiva a la dignidad judicial procediendo con su actitud y sus actos a alterar el orden y desobedecer el mandato del Tribunal, previo apercibimiento de que se sentara y se mantuviera en silencio y se abstuviera él, así como los otros abogados, de interrumpir al otro compañero cuando se estuviera dirigiendo al Tribunal.

Esta Juez entendió que la situación creada por la conducta de dicho letrado constituía una amenaza a la justicia, e igualmente que quedaba amenazado el desarrollo normal de los procedimientos al resultar infructuosos sus esfuerzos por proteger y asegurar la marcha ordenada y digna de los procedimientos judiciales. El Tribunal sin alternativa, entiende que la situación creada en el día de hoy en corte abierta, ante nuestra vista e inmediata presencia, no es tolerable en nuestro sistema de justicia y entendemos asimismo que la conducta impropia en grado extremo del licenciado Pablo José Santiago Lavandero constituye la situación de excepción que permite la ley y que requiere la acción instantánea que hemos tomado a los fines de vindicar la dignidad de este Tribunal, acción que hemos tomado de inmediato e instantáneamente en corte abierta, de condenar al licenciado Pablo José Santiago Lavandero por desacato sumario a la pena de 30 días de cárcel.

Los hechos específicos ocurridos que nos han movido a esta decisión son los siguientes:

1. El licenciado Pablo José Santiago Lavandero habló en voz en extremo alta, escandalosa, estentórea y en actitud altamente irrespetuosa al dirigirse a esta Juez, en corte abierta, y en presencia de compañeros abogados, funcionarios del Tribunal y público presente.

2. El licenciado Pablo José Santiago Lavandero interrumpió al abogado de la otra parte, y también al Tribunal, en tal forma que resultó imposible a esta Juez mantener el orden normal de los procedimientos, habiéndose visto precisada a suspender los procedimientos recesando como medida inevitable ante la situación allí creada.

3. El licenciado Pablo José Santiago Lavandero ignoró en varias ocasiones la orden del Tribunal de que permaneciera sentado y en silencio y en su lugar, procedió a interrumpir al Tribunal y a intervenir con el derecho reconocido al abogado de la otra parte de dirigirse al Tribunal.

4. El licenciado Pablo José Santiago Lavandero mantuvo una actitud de total indiferencia al esfuerzo de este Tribunal de encauzar los procedimientos dentro del orden normal que dispone la ley, así como al derecho de los abogados de la otra parte a expresarse.

5. El licenciado Pablo José Santiago Lavandero ignoró el apercibimiento de desacato, previamente hecho a dicho abogado, así como a los demás abogados en el caso, de que no se interrumpiera al otro compañero que se estuviera dirigiendo al Tribunal y no se continuara con la conducta antes relacionada.

6. El licenciado Pablo José Santiago Lavandero ignoró e intervino con la facultad de este Tribunal de dirigir los procedimientos, impidió que esta Juez se dirigiera a los abogados participando en el caso, causando una situación en que por momentos mientras la Juez hablaba o trataba de hablar, al mismo tiempo dicho letrado insistía en hablar.

7. El licenciado Pablo José Santiago Lavandero mantuvo una contínua actitud de falta de respeto a la autoridad judicial, provocando la interrupción de los procedimientos del caso.

Esta Juez pudo observar la preocupación de tres alguaciles presentes en sala ante la conducta impropia del licenciado Pablo José Santiago Lavandero quienes en determinado momento reaccionaron simultáneamente al ponerse de pie prácticamente al mismo tiempo en aparente estado de alerta.

Este Tribunal, por la Juez que suscribe, certifica que hemos visto y oído la conducta antes descrita constitutiva de desacato criminal en forma sumaria, a tal efecto declara al licenciado Pablo José Santiago Lavandero culpable de desacato sumario y le condena a treinta (30) días de cárcel, pronunciamiento que hicimos instantáneamente en corte abierta, y que expresamente reiteramos en esta sentencia de desacato sumario y orden de encarcelación, sin fianza.

EXPÍDASE MANDAMIENTO dirigido al Alguacil para que dicho funcionario proceda a dar cumplimiento a esta Sentencia por Desacato Sumario y Orden de Encarcelación.

NOTIFIQUESE.

DADA en Bayamón, Puerto Rico, hoy día 27 de marzo de 1978.

Fdo. Zulma Zayas Puig

ZULMA ZAYAS PUIG

Juez Superior"

El tribunal a quo se negó a reconsiderar su sentencia en una vista posterior. No conforme, el apelante nos pide que revoquemos dicha sentencia e imputa la comisión de seis errores que pasamos a considerar.

■ Los primeros cuatros errores se refieren al hecho de que se le declarara incurso en desacato y se le sentenciara a raíz del incidente de las once de la mañana, y que no fuera hasta luego del receso, después de las dos de la tarde, que se diera cumplimiento a la Sec. 3 de la Ley de 1 de marzo de 1902 (incorporada como parte del Código Penal de 1937, 33 L.P.R.A. sec. 519),(¹) y a la Regla 242(a) de Procedimiento Criminal. Entiende el apelante que no se cumplió con dichas disposiciones al sentenciársele por la mañana y que es por

---

(¹) Según dijimos en *Pueblo* v. *Baigés Chapel*, 103 D.P.R. 856, 858-859 (1975), el Código Penal de 1974 no derogó la Ley de 1 de marzo de 1902, siendo la Regla 242(a) de Procedimiento Criminal "enteramente armonizable con la orden o mandamiento mencionado en la Sec. 3 de la Ley de Desacato. . . ."

tanto nula la sentencia; que el incidente de la tarde, que llama "re-sentencia" o "segunda sentencia" no pudo convalidar el acto de la mañana; y que el procedimiento es anticonstitucional por privarle del derecho a un juicio imparcial y por haber estado expuesto dos veces por el mismo delito. No se cometieron dichos alegados errores.

La Sec. 3 de la Ley de Desacato, 33 L.P.R.A. sec. 519, dice, en lo aquí pertinente:

"Cuando se comete un desacato a la inmediata presencia y vista de una corte de justicia . . . podrá imponerse *en el acto* el correspondiente castigo por el juez . . . . Siempre que alguna persona fuere multada o encarcelada por desacato a una corte . . . deberá firmarse por el juez . . . una orden o mandamiento para dicha multa o prisión, consignándose en el mismo el acto o actos constitutivos de dicho desacato, así como la fecha y lugar de su comisión y circunstancias de la misma, con especificación de la sentencia del tribunal, sin lo cual dicha sentencia quedará enteramente nula y sin efecto." (Énfasis nuestro.)

La Regla 242(a) de Procedimiento Criminal adopta expresamente el procedimiento sumario para castigar el desacato criminal, ya vigente desde la citada Ley de Desacato de 1902, y dice:

"Regla 242. Desacato.

(a) *Procedimiento sumario.* El desacato criminal podrá castigarse en forma sumaria siempre que el juez certifique que vio u oyó la conducta constitutiva de desacato, y que se cometió en presencia del tribunal. La orden condenando por desacato expondrá los hechos y será firmada por el juez, dejándose constancia de ella en las minutas del tribunal."

La imposición de castigo por desacato "en el acto", es decir, cuando se comete el desacato "a la inmediata presencia y vista" del juez, que dice la Sec. 3 que hemos transcrito, o cuando el juez "vió u oyó la conducta constitutiva de desacato" cometida "en presencia del tribunal", que dice la Regla 242(a), no tiene que ser simultánea con la redacción por escrito y firma de la orden o mandamiento a que se refieren

ambos textos. La orden o mandamiento, por razones prácticas, usualmente se redacta y firma después que el juez ha tomado la acción drástica que la vindicación inmediata de la dignidad del tribunal requiere. Dicha orden o mandamiento debe prepararse, firmarse y notificarse al inculpado por desacato sin dilación innecesaria. Consideramos que en este caso se cumplió substancialmente con este requisito. El incidente se produjo en las postrimerías de la sesión de la mañana. La orden preparada por la juez sentenciadora es extensa en la exposición de los detalles del incidente a fin de cumplir los requisitos de ley, y se preparó estando de por medio el receso de mediodía. El transcurso de tres horas que pudo haber entre el incidente y la preparación y notificación de la orden o mandamiento no constituye una desviación irrazonable del procedimiento sumario, dadas las circunstancias aquí presentes. Distinto es el caso de *Pueblo* v. *Tribunal Superior*, 92 D.P.R. 471 (1965), en que la relación de los hechos constitutivos de desacato fue preparada por el juez dos meses después del incidente.

El planteamiento de inconstitucionalidad, en su doble aspecto de doble exposición y de privación de un juicio imparcial es inmeritorio. Baste citar de *Pueblo* v. *Cuevas Velázquez*, 103 D.P.R. 290, 296 (1975), las siguientes palabras que reafirmamos:

"Coincidir con el apelante constituiría el asestarle una herida mortal al ordenado proceso que debe caracterizar e imperar en los tribunales, los cuales constituyen el sitial y baluarte sagrado que nuestro pueblo ha reconocido para dirimir sin agravios y desapasionamientos las controversias humanas. Ausente este respeto, la sala de justicia quedaría reducida a un foro de anarquía en que la solución de conflictos sería el producto de la pasión y no de la razón."

Los tribunales de justicia tienen facultad inherente para castigar por desacato. *Pueblo* v. *Escalera*, 95 D.P.R. 148 (1967). Ello incluye el poder actuar en el acto de cometerse el desacato, mediante el procedimiento sumario reconocido

por nuestros ordenamientos procesales. Aquí se cumplió, como hemos señalado, con las exigencias del procedimiento. Ratificar en la sesión de la tarde la sentencia dictada verbalmente en la mañana no constituyó una segunda exposición (*double jeopardy*) del imputado. Y, en cuanto a la privación de un juicio imparcial, si bien el castigo sumario por desacato no es favorecido—Davis, *Summary Punishment for Contempt*, 39 So. Cal. L. Rev. 463, 467 (1966); *Nye* v. *United States*, 313 U.S. 33 (1940); *Bridges* v. *California*, 314 U.S. 252 (1941)—y por ello se requiere un estricto cumplimiento del procedimiento prescrito—*Pueblo* v. *Baigés Chapel*, supra, pág. 859—cuando se trata de vindicar de inmediato la dignidad ofendida del tribunal con el consiguiente peligro para la ordenada marcha de los procedimientos judiciales, se justifica recurrir por drástico que parezca, a la sentencia inmediata mediante el procedimiento sumario. Véase *Coll Moya* v. *Alcaide, Cárcel Municipal*, 89 D.P.R. 225 (1963).

■ El quinto planteamiento del apelante se refiere a que no se remitió a este Tribunal, como parte de los autos originales, la orden o mandamiento de prisión. Esta irregularidad, debida aparentemente a que dicho documento se traspapeló, quedó salvada por el propio apelante, quien en el cumplimiento de su obligación de perfeccionar su recurso ante nos, obtuvo de nosotros autorización para unir una copia a los autos. Si el apelante tenía copia, es evidente que existió un original que fue debidamente unido a las minutas del Tribunal a quo. Así surge, además, de la grabación de los procedimientos, que hemos escuchado.

■ En el sexto señalamiento de error impugna el apelante que su conducta constituyera desacato. No lo discute en su alegato, aplazando su argumentación para una vista oral que solicitó y que le concedimos. Hemos leído con detenimiento la transcripción del incidente y escuchado con atención la grabación del mismo. Sostienen plenamente lo expuesto en la

sentencia de desacato. Revelan que el apelante fue irrespetuoso y desconsiderado. Su insistencia en hablar y seguir hablando no obstante las reiteradas admoniciones de la Hon. Juez, héchales casi en tono suplicante, de que se sentara y que se tenía el asunto ante su consideración por sometido; su actitud arrogante ante la juez, interrumpiéndola cuando ella quería expresarse y silenciando su voz mediante el tono alto y desconsiderado de la suya; su desobediencia obstinada al requerimiento de que se sentara; todo ello produjo un espectáculo en la sala del tribunal de instancia que necesariamente mancilló su dignidad y lesionó el decoro que debe haber siempre en una sala de justicia. El respeto a los tribunales es obligación de todos, pero lo es más de parte de los abogados, obligados por razón de su ministerio a ser sus primeros defensores.

La sentencia de cárcel impuesta contra el apelante era una clara opción correctiva. Mas, oído el apelante en vista oral en que protestó vehementemente de que no tuvo intención de desacatar al tribunal de instancia, y atendido su historial de abogado de casi cuarenta años de ejercicio continuo de la profesión sin que revele su expediente ninguna instancia de conducta anterior reñida con la ley o la ética profesional, *consideramos, en uso de nuestra discreción, que una multa de $500.00 en vez de la condena a cárcel es suficiente vindicación. Se modificará en ese sentido la sentencia apelada, y así modificada será confirmada.*

El Juez Presidente Señor Trías Monge y el Juez Asociado Señor Rigau se inhibieron. El Juez Asociado Señor Dávila no intervino.