ORONOZ, DEMANDANTE Y APELADO, *v.* MONTALVO ET AL., DEMANDADOS Y APELANTES.

APELACION procedente de la Corte de Distrito de Aguadilla en un procedimiento de desacato en un caso sobre *injunction* para recobrar la posesión material de propiedad inmueble.

MOCIÓN del demandante para que se desestime la apelación.

No. ——.—Resuelto primeramente en julio 9, 1914.

Resuelto en reconsideración en julio 31, 1914.

DESESTIMACIÓN DE APELACIÓN—DESACATO—PARTE EN UN PROCEDIMIENTO DE DESACATO.—El hecho de ser una de las partes litigantes en el pleito que dió origen al procedimiento de desacato no le da el carácter de parte en dicho procedimiento de desacato y no puede, por tanto, pedir la desestimación de la apelación interpuesta por la parte condenada por desacato.

EN RECONSIDERACIÓN.

DESACATO PROPIAMENTE CIVIL — PARTE PERJUDICADA POR LA DESOBEDIENCIA. — Cuando el desacato es propiamente civil la parte perjudicada por la desobediencia es realmente la parte contraria, interesada en el resultado del desacato y en la apelación cuando existe.

Id.—Desacato Civil—Desobediencia de una Orden en un Pleito Civil—Desacato Criminal.—No todos los desacatos que se castigan por desobediencia de una orden dictada en un pleito civil son necesariamente civiles.

Desestimación de Apelación—Moción no Jurada—Parte en un Procedimiento de Desacato—Falta de Copia de la Sentencia.—Cuando la moción de desestimación no está jurada, no pudiendo por tanto estimarse justificados los hechos alegados en ella, ni se acompaña copia de la sentencia dictada por desacato para poder apreciar si se trata de un desacato civil o criminal para determinar si la parte contraria en el litigio es parte en la apelación contra la sentencia de desacato, con derecho a pedir la desestimación del recurso, no cabe entrar a resolver la moción de desestimación.

Los hechos están expresados en la opinión.

Abogado del demandante: *Sr. Carlos Franco Soto.*

Abogado de Susano Montalvo: *Sr. Víctor P. Martínez.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Joaquín Oronoz Rodón nos presentó una moción para que desestimásemos la apelación que Susano Montalvo estableció contra sentencia de la Corte de Distrito de Aguadilla que le condenó por desacato por haber desobedecido la sentencia que había recaído en un pleito que entre ellos y Víctor P. Martínez se siguió sobre *injunction* para recobrar la posesión de propiedad inmueble, cuya moción funda en que la parte apelante no había presentado proyecto de exposición del caso ni pliego de excepciones dentro del término legal ni había solicitado prórroga de la corte inferior, y que tampoco había presentado en esta corte la transcripción de la apelación dentro de treinta días.

No quisimos resolver esa moción porque declaramos que el hecho de que el peticionario sea uno de los litigantes en el pleito no lo convierte en parte en la apelación por desacato; mas como nos ha pedido que reconsideremos esa negativa y que desestimemos el recurso, se hace necesario que expongamos más detalladamente los motivos en que nos basamos.

Es cierto, como sostiene el peticionario, que existe una división entre desacato propiamente criminal y el que generalmente se llama civil o cuasi desacato. La regla por la

cual se distingue uno de otro puede sintetizarse diciendo que los desacatos civiles consisten en que una persona deje de hacer alguna cosa que la corte ordenó que hiciera para beneficio y ventaja de la otra parte en procedimientos ante el tribunal; mientras que el desacato criminal se realiza cuando se ejecutan ciertos actos que redundan en falta de respeto a la corte o a sus procedimientos, en la obstrucción de la administración de la justicia pública o que tienden a producir descrédito para el tribunal por conducta desordenada o insultante en su presencia o en los alrededores de la corte, o en actos de violencia que interrumpen sus procedimientos, así como en la desobediencia a sus órdenes, intervención con la propiedad que está en su custodia o mala conducta de sus funcionarios. Rapalje on Contempts, pág. 25. *In re* Wilson, 17 Pac. Rep., 699; *Snow* v. *Snow,* 43 Pac. Rep., 621; *Gompers* v. *Buck's Stove & R. Co.,* 33 App. Cases, District of Columbia, 564; 9 Cyc., 6.

Cuando el desacato es propiamente civil entonces la parte perjudicada por la desobediencia es realmente la parte contraria litigante, quien tiene interés e intervención como tal en el resultado del desacato. Así encontramos en muchos casos que las partes del pleito son las partes en el procedimiento de desacato y en la apelación cuando existe. *Hayes* v. *Fischer,* 102 U. S., 122, y casos citados anteriormente.

Sin embargo, no todos los desacatos que se castigan por desobediencia de una orden dictada en un pleito son necesariamente civiles como ocurrió en el caso de *Phillips* v. *Welch,* 11 Nev., 187, citado en *Gompers* v. *Buck's Stove & R. Co., supra,* con la negativa a obedecer un decreto de *injunction.* En el presente caso la petición de desistimiento no está jurada, razón por la cual no podemos estimar justificados los hechos en que se funda, y por la certificación a ella acompañada que libró el secretario de la corte inferior conocemos que se apeló de una sentencia dictada en aquella corte, pero ignoramos la sentencia y, por tanto, si se trata de un desacato de naturaleza civil en que podamos considerar al peticionario

como parte, o de carácter criminal en el que no tiene intervención, por cuyo motivo no podemos modificar nuestra resolución anterior y se niega la reconsideración.

> *Denegada la reconsideración solicitada y no ha lugar a resolver la moción de desestimación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.