EL PUEBLO DE PUERTO RICO, apelado, *v.* RAFAEL GARCÍA VÁZQUEZ, acusado y apelante.

*Número:* CR-87-39-A *Resuelto:* 5 de diciembre de 1988

---

*Enrique Rivera Mendoza*, de la *División de Apelaciones de la Sociedad para Asistencia Legal*, abogado del apelante; *Rafael Ortiz Carrión, Procurador General, Norma Cotti Cruz, Subprocuradora General*, y *Josefa A. Román García, Procuradora General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

El aquí apelante, abogado de la Sociedad para Asistencia Legal (Sociedad), recurre ante nos de una sentencia que le condena a una pena de dos (2) horas de cárcel, cien (100) dólares de multa y el pago de las costas y gastos del proceso, al encontrársele incurso en desacato sumario. Los hechos que dieron lugar a dicha condena son los siguientes.

El 1ro de abril de 1987 el licenciado García Vázquez compareció como abogado del acusado a la vista en su fondo en el caso de *Pueblo v. Miguel A. García Marcano*. Al comenzar la vista, el abogado solicitó al tribunal le concediera un tiempo razonable para examinar cierta evidencia en poder del Ministerio Público. El tribunal concedió lo solicitado no sin antes hacer constar que el caso no habría de suspenderse más.(1) El tribunal recesó hasta las dos (2:00) de la tarde, indicándole al abogado que, para concederle más tiempo para prepararse, se limitaría la sesión de la tarde a las preguntas que haría la juez al Jurado.

Al día siguiente, el licenciado García Vázquez informó al tribunal que no estaba preparado para representar adecuadamente a su cliente. Solicitó tiempo adicional para indagar la posibilidad de presentar una defensa de inimputabilidad.

---

(1) El caso había sido suspendido anteriormente a solicitud del licenciado Beltrán, abogado de la Sociedad para Asistencia Legal, quien había prometido estar preparado para la vista en su fondo de 1ro de abril.

El tribunal declaró sin lugar lo solicitado por entender que estaba fuera de término.

El apelante, en su turno de preguntas al Jurado, procedió sorpresivamente a excusarse con éste por no encontrarse preparado para comenzar el proceso. La juez ordenó retirar al Jurado mientras el apelante continuó argumentando que no se encontraba preparado para comenzar el proceso y que necesitaba un tiempo adicional. Se le señaló que su actitud constituía una presión indebida hacia el tribunal y que violaba los cánones de ética profesional. Surgió entonces una extensa discusión con los miembros de la Sociedad,[2] durante la cual el tribunal ofreció varias alternativas para resolver el problema sin necesidad de suspender el juicio. No obstante, los abogados de la Sociedad se negaron a aceptar las mismas aduciendo que la única alternativa viable era que se suspendiera el juicio y se les concediera tiempo razonable para prepararse. El tribunal denegó lo solicitado y, a su vez, señaló que al finalizar el proceso ordenaría se elevara el expediente a este Tribunal para que evaluáramos la conducta del licenciado García Vázquez.

El siguiente lunes, 6 de abril, el abogado señaló al comenzar la vista que se encontraba preparado en cuanto a los hechos del caso, pero no en cuanto a la capacidad del acusado. Se decretó un receso hasta el miércoles 8 de abril. En la vista de 8 de abril el abogado se reafirmó en su posición de que no estaba preparado. El tribunal se negó a posponer el juicio. La defensa solicitó al tribunal que instruyera al Jurado sobre las razones por las cuales la defensa no iba a hacerle preguntas. Se le ordenó que preparara una instrucción al efecto pero, luego de redactada y sometida, el tribunal determinó que la misma era improcedente en derecho. El proceso continuó y se constituyó el Jurado. El Ministerio Fiscal co-

---

[2] Se llamó a Sala al licenciado Beltrán, anterior representante del acusado, y a la supervisora de la Sociedad para Asistencia Legal, licenciada Pesante.

menzó a desfilar su prueba. La defensa no contrainterrogó a ninguno de los testigos de cargo por entender que no se encontraba preparado para contrainterrogarlos adecuadamente. Finalizada la vista, ese día el tribunal le recordó al apelante licenciado García Vázquez que con su obstinada actitud de desacatar su orden estaba desafiando su autoridad, obstruyendo la justicia y violando el Código de Ética Profesional.

Al día siguiente surgió un nuevo intercambio entre la juez y el licenciado García Vázquez en torno al deber de éste de representar adecuadamente a su cliente, lo cual no estaba cumpliendo cabalmente al cruzarse de brazos y no contrainterrogar a los testigos de cargo. Se le recalcó su deber de acatar las órdenes del tribunal.

Durante esa misma vista, la Secretaria de Sala notificó que la petición de *certiorari* presentada por la defensa, en la cual se planteaba como error la negativa del tribunal de instancia a suspender el juicio, había sido declarada sin lugar por este Tribunal mediante Resolución de 9 de abril de 1987.

Se trajo el Jurado a Sala y, en presencia de éste, el licenciado García Vázquez nuevamente solicitó al tribunal que instruyera al Jurado sobre las razones por las cuales la defensa no había contrainterrogado a ningún testigo. El tribunal denegó la solicitud. Advirtió al apelante que dicha solicitud era un planteamiento de derecho que había sido discutido y resuelto en ausencia del Jurado, el cual no debió haber sido traído nuevamente frente a éste. Se excusó al Jurado de la Sala. Se le advirtió al licenciado García Vázquez que su conducta mancillaba y lesionaba la dignidad del tribunal, a la vez que desafiaba su autoridad. El tribunal disolvió el Jurado y encontró incurso en desacato sumario al apelante licenciado García Vázquez.

En su apelación, plantea la comisión del error siguiente:

Erró el Tribunal de Instancia al declarar incurso en desacato sumario al Lcdo. García Vázquez con una determinación que no se ajusta a derecho. Alegato del apelante, pág. 12.

## I

█ El Art. 235 del Código Penal vigente, 33 L.P.R.A. sec. 4431, dispone, en su parte pertinente, que:

Será sancionada con pena de reclusión que no excederá de noventa días o multa que no excederá de quinientos dólares o ambas penas a discreción del tribunal, toda persona que realizare cualesquiera de los siguientes actos:

(a) Perturbare el orden, causare ruido o disturbio o se condujere en forma desdeñosa o insolente hacia un tribunal de justicia o un magistrado durante el desarrollo de una investigación judicial o una sesión tendiendo con ello directamente a interrumpir los procedimientos o menoscabar el respeto debido a su autoridad, o en presencia del jurado mientras esté en estrados o deliberando en alguna causa.

(b) *Desobediencia a cualquier decreto, mandamiento, citación u otra orden legal expedida o dictada por algún tribunal en un pleito o proceso en que estuviere conociendo.* (Énfasis suplido.)

█ El desacato será sumario si cumple con los requisitos de la Regla 242(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, y de 33 L.P.R.A. sec. 519; esto es, que el desacato se haya cometido en presencia del tribunal y que la orden que condena por desacato exponga los hechos constitutivos del mismo y esté firmada por el juez.

█ En el caso de autos, aunque la conducta del apelante licenciado García Vázquez no fuera desdeñosa, desordenada o insolente, sí tuvo el efecto de interrumpir los procedimientos y desacatar las órdenes del tribunal al mancillar y menoscabar el respeto que todo abogado debe observar para con los tribunales. Canon 9 del Código de Ética Profesional,

4 L.P.R.A. Ap. IX; *Coll Moya v. Alcaide, Cárcel Municipal*, 89 D.P.R. 225 (1963).

Independientemente de la corrección de la orden del tribunal para denegarle tiempo adicional, *vis-à-vis* el derecho del acusado a tener asistencia de abogado y que la misma sea adecuada, el abogado no podía obstaculizar los procedimientos de la manera en que lo hizo negándose a participar en el proceso por no estar preparado. En *Pueblo v. Rodríguez Correa*, 88 D.P.R. 653, 659 (1963), apuntamos:

> No hay duda que el derecho de las personas a tener asistencia de abogado en los procesos criminales incluye el derecho a un tiempo razonable para que el abogado pueda entrevistarse con el acusado y para que pueda prepararse para el acto del juicio, sin embargo como dijimos en *Romero* v. *Jones*, supra, a la pág. 577, dicho derecho no puede ser utilizado por el acusado para obstaculizar el trámite normal de las causas. Lo que es tiempo razonable varía de acuerdo con las circunstancias de cada caso en particular.

En el caso de autos, los abogados de la defensa tuvieron tiempo suficiente para prepararse. No pueden ahora, so pretexto de ofrecer una adecuada representación legal, cruzarse de brazos y obstaculizar los procedimientos hasta tanto se les conceda el tiempo adicional que solicitan. La actitud del licenciado García Vázquez no sólo constituyó una indebida obstrucción de la justicia, *Pueblo v. Susoni*, 81 D.P.R. 124, 151 (1959), sino que a su vez lesionó gravemente los derechos del acusado. El apelante, licenciado García Vázquez, hizo caso omiso de las órdenes del tribunal y obstaculizó los procedimientos, lo que provocó que tuviese que disolverse el Jurado. No erró el tribunal al encontrar incurso en desacato al apelante.

*Se confirmará la sentencia apelada.*

El Juez Asociado Señor Rebollo López no intervino.