Martínez Torres, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Evaluamos en este recurso si el abogado apelante cometió un desacato criminal. Auscultada la exposición narrativa de la prueba oral y las argumentaciones del apelante, confirmamos la orden que impuso a este último el pago de $200 de multa por su conducta, por entender que la misma constituyó un desacato.
I
El 3 de abril de 1996, el abogado Eladio Malavé Núñez (aquí apelante) se encontraba en el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Fajardo, defendiendo a su cliente, Telvi Steven León, en los casos 94-892 al 1398. El Sr. León enfrentaba quinientos cargos por violación de las Secciones 3 y 4 de la Ley Núm. 11 de 22 de agosto de 1933, 15 L.P.R.A. sees. 82 y 83 (operación de máquinas de juego ilegales). Presidía el proceso el Honorable José Esteban Pérez Marrero. Actuaba como Fiscal el Honorable Raymond Rivera Martinó.
El juicio comenzó a eso de las tres de la tarde. Alrededor de las nueve de la noche, mientras el Ministerio Público trataba de presentar como evidencia una fotografía de una máquina tragamonedas, el Ledo. Malavé Núñez objetó. La exposición narrativa de la pmeba oral narra el incidente:

"EXPOSICION NARRATIVA DEL TRIBUNAL DEL INCIDENTE DE DESACATO DEL 3 DE ABRIL DE 1996

Estando declarando el Sr. Arturo Otero Casiano, perito del Ministerio Público, durante el turno de interrogatorio por el Ministerio Público, a una de las preguntas del Ministerio Público, sobre diferencias de los tipos de máquina de azar, el apelante se levantó y objetó.

Al preguntarse el fundamento, respondió que "la mejor evidencia son las máquinas por lo que deberían traer las máquinas, que son la mejor evidencia."

Se le preguntó por el Tribunal que "cuál era la objeción a la pregunta."
*1234 Se declaró Sin Lugar la objeción y cuando el Ministerio Público comienza nuevamente a preguntar, el apelante objeta nuevamente bajo el fundamento nuevamente [sic] de la mejor evidencia.
El Tribunal le indicó:

"¿Ledo, quién lleva su caso? [UJsted."

"El Fiscal lleva el caso en la forma que el entienda y presenta su evidencia de la forma, manera y orden que él entienda es la mejor."

"Su fundamento no es una objeción[;J en su momento usted puede presentar su solicitud o argumentar sobre la mejor evidencia, pero no como objeción."

"Ledo., le digo nuevamente, Sin Lugar la objeción[;] el Fiscal presenta la prueba que el entienda es su mejor evidencia."

El Ministerio Público realiza una nueva pregunta, al testigo, en relación a los tipos de máquinas; el apelado objeta nuevamente argumentando "la mejor evidencia son las máquinas, se deberían traer en evidencia, la mejor evidencia son las máquinas."
Se le pregunta al apelante:

"¿Cuál es su objeción de que la mejor evidencia son las máquinas? Sin Lugar, en momento de su argumentación usted podrá presentar ese planteamiento."

Comienza nuevamente a intentar el Ministerio Público a comenzar a hacer una pregunta, cuando el apelante se levanta nuevamente "objeción; mejor evidencia."

"Sin Lugar, siéntese[.]" [Cjontinúa el apelante objetando, "se declara sin lugar y se le informa al licenciado que lleva dos veces haciendo lo mismo y el Fiscal no ha podido concluir su pregunta."

Continúa argumentado el abogado y se declara ["[Sin Lugar, D[í] [m]i []Ruling[], se sienta licenciado por segunda vez, acepte el []Ruling[] del Tribunal[."[ [Cjontinúa el apelante argumentando[.j ["LJicenciado, le he informado en dos ocasiones que acepte el [']Ruling['[ del Tribunal, la tercera vez que le tenga que decir que se siente lo encontraré incurso en desacato.["[
Va a comenzar nuevamente el Fiscal y el apelante no se sienta continuando [sic] argumentando y el Tribunal le dice "se sienta licenciado, se sienta licenciado, por tercera vez le informo licenciado que se siente[", l]o cual no hace, en virtud de lo anterior el Tribunal encuentra al apelante incurso en desacato y se le informa al apelante la razón y la pena impuesta, según se consigna en la Orden de Desacato Criminal suscrita el 3 de abril de 1996, la cual se preparó en un receso del Tribunal y se le entregó al apelante en corte abierta luego de leerle la misma.
Se le concedió hasta el 8 de abril de 1996, a las 11:00 A.M. para pagar la multa, "Motu Proprio" del Tribunal por las razones indicadas en la Resolución y Orden de Arresto dictada por el Tribunal en este caso el 9 de abril de 1996, la cual se hace formar parte integral del presente escrito.
Luego de imponerse el desacato, el apelante se sentó y continuó la vista sin ningún problema.
En la misma noche del 3 de abril de 1996, el Tribunal de Primera Instancia emitió una orden de desacato sumario, en un formulario preimpreso. Llenados sus blancos, la orden aquí apelada se lee como sigue:

"ORDEN

POR CUANTO: en el día de hoy el acusado Ledo. Eladio Malavé Núñez en presencia de este 
*1235
Tribunal observó la conducta que indico a continuación, la cual este Juez Certifica que vio y oyó.

El Ledo. Malavé.Núñez, luego del Tribunal habenresuelto una objeción, continujó] argumentando y luego que el Tribunal en 2 ocasiones le advirtiera que se atuviera [a la] determinación del Tribunal y se sentara o se [le] encontraría incurso en desacato, continu[ó] con esa conducta, atrasando los procedimientos, continuando hasta que el tribunal lo encontr[ó] incurso en desacato.

POR CUANTO: dicha conducta a juicio de este Tribunal es una constitutiva del delito de desacato;

POR TANTO: el Tribunal declara culpable al acusado Ledo. Eladio Malavé Núñez por el delito de Desacato Criminal a virtud de lo dispuesto en la Regla 242(a) de las Reglas de Procedimiento Criminal y lo condena a la pena de $200.00 y se ordena que dicho acusado sea trasladado sin demora al cuidado del funcionario correspondiente y sea detenido por éste hasta que la sentencia se hubiere cumplido. Se le concede al ledo. Eladio Malavé Núñez hasta el lunes 8 de abril de 1996, a las 11:00 A.M. para pagar la multa.

Dada en sesión pública de este Tribunal en Fajardo, P.R., hoy 3 de abril de 1996.

José Esteban Pérez Marrero

(fdo.) Juez"

Luego, el 9 de abril de 1996, el tribunal emitió la siguiente

"RESOLUCION Y ORDEN

El 3 de abril de 1996, este Tribunal encontró al acusado Eladio Malavé Núñez, [incurso] en conducta constitutiva de Desacato Criminal Sumario, condenándolo a una pena de $200.00 de multa, Orden que se hace formar parte integral de esta Resolución.

En vista de que el desacato fue impuesto estando la Secretaría del Tribunal cerrada, por ser más de las 5:00 P.M. y la misma no abriría hasta el 8 de abril de 1996, a las 8:30 A.M., así como que el acusado es un funcionario del Tribunal (abogado), se le concedió hasta el 8 de abril de 1996, a las 11:00 A.M. para el pago de la multa.

No habiendo satisfecho el acusado la multa impuesta por el Tribunal, se ordena inmediatamente;

El arresto del acusado y que el mismo sea trasladado a la Institución carcelaria correspondiente para ser detenido hasta que se pague la multa impuesta; se le abonará al acusado $5.00 por cada día que cumpla en la cárcel, como abono a la multa de $200.00.

"El presente escrito será Autoridad, Orden y Mandamiento suficiente para que cualquier funcionario del Orden Público o Alguacil, detenga al Ledo. Eladio Malavé Núñez y lo traslade a cualquier Institución Carcelaria de Puerto Rico, para que sea detenido hasta que se cumpla con la Sentencia impuesta por el Tribunal.

Dada en Fajardo, Puerto Rico, a 9 de abril de 1996.

JOSE ESTEBAN PEREZ MARRERO

[fdo.] JUEZ"

II
El abogado Malavé Núñez apeló ante nos de la orden de desacato. A petición suya, el 12 de abril de 1996 paralizamos los efectos de la orden de arresto en su contra.
El apelante alega como errores que no incurrió en desacato criminal, y que la orden de desacato no cumple con los requisitos impuestos por la Regla 242 de Procedimiento Criminal y por el Artículo 235 del Código Penal, 33 L.P.R.A. see. 4431, al no describir los actos y circunstancias constitutivas de desacato. Alega además que debió concedérsele una vista de desacato, ya que entiende que al prorrogarse la fecha para satisfacer la multa impuesta, el procedimiento se convirtió en uno de desacato ordinario. Elevados los autos originales, incluyendo la exposición narrativa de la prueba *1236 testifical, y presentados los alegatos de las partes, resolvemos.
En su primer señalamiento de error, el apelante cuestiona la apreciación de la prueba por el Tribunal de Primera Instancia. Por lo tanto, es de aplicación lo expuesto por el Tribunal Supremo de Puerto Rico en Pueblo v. Cabán Torres, 117 D.P.R. 645, 653-54 (1986) (nota omitida):
Es norma jurisprudencial trillada que esa "determinación de culpabilidad" que hace el juzgador de los hechos a nivel de instancia es merecedora de gran deferencia por parte del tribunal apelativo. El fundamento o base en que se apoya la referida norma es obvio: dicho juzgador es el que de ordinario está en mejor posición para aquilatar la prueba testifical ya que fue el que oyó y vio declarar a los testigos. Como expresáramos en Ortiz v. Cruz Pabón, 103 D.P.R 939, 947 (1975):
".. y es que no sólo habla la voz viva. También hablan las expresiones mímicas: el color de las mejillas, los ojos, el temblor o consistencia de la voz, los movimientos, el vocabulario no habitual del testigo, son otras tantas circunstancias que deben acompañar el conjunto de una declaración testifical y sin embargo, todos estos elementos se pierden en la letra muda de las actas, por lo que se priva al Juez de otras tantas circunstancias que han de valer incluso más que el texto de la declaración misma para el juicio valorativo que ha de emitir en el momento de fallar; le faltará el instrumento más util para la investigación de la verdad: la observación....". (Enfasis suplido).
Es por ello que este tribunal ha expresado en reiteradas ocasiones que, de ordinario, no intervendremos con el veredicto condenatorio emitido por un jurado o el fallo inculpatorio de un magistrado en "ausencia de pasión, prejuicio o error manifiesto" en la apreciación que de la prueba realizaron los mismos.
Véanse, además, Pueblo v. Calderón Alvarez, Opinión de 18 de abril de 1996, 96 J.T.S. 57; Pueblo v. Chévere Heredia, Opinión de 22 de agosto de 1995, 95 J.T.S. 115; Pueblo v. Nazario Hernández, Opinión de 29 de junio de 1995, 95 J.T.S 90; Pueblo v. Rosario Reyes, Opinión de 7 de junio de 1995, 95 J.T.S. 74; Pueblo v. Ormsby, Opinión de 13 de diciembre de 1994, 94 J.T.S. 155; Pueblo v. Rivera, Opinión de 2 de diciembre de 1994, 94 J.T.S. 150; Pueblo v. Torres García, Opinión de 19 de septiembre de 1994, 94 J.T.S. 123; Pueblo v. Flores Betancourt, 124 D.P.R. 867 (1989); Pueblo v. Castro Santiago, 123 D.P.R. 894 (1989); Pueblo v. Ortiz Díaz, 123 D.P.R. 865 (1989); Pueblo v. Rivera Rodríguez, 123 D.P.R. 467 (1989); Pueblo v. Hernández Pagán, 119 D.P.R. 424 (1987); Pueblo v. Miranda Ortiz, 117 D.P.R. 188 (1986); Pueblo v. Cruz Granados, 116 D.P.R. 3 (1986); Pueblo v. Pagán Díaz, 111 D.P.R. 608 (1981); Pueblo v. Nevárez Virella, 101 D.P.R. 11 (1973); Pueblo v. Meléndez Rolón, 100 D.P.R. 734 (1972).
Es norma, además, que "la responsabilidad de demostrar que procede la intervención con el fallo o veredicto condenatorio emitido a nivel de instancia recae, de manera principal, sobre el apelante". Cabán Torres, supra, pág. 654. Véase, además, Pueblo v. Fradera Olmo, 122 D.P.R. 67 (1988).
Una lectura de la detallada exposición narrativa de la prueba no sugiere riesgo alguno de pasión, prejuicio, error manifiesto de parte del tribunal de instancia. El abogado apelante interrumpió los procedimientos al continuar haciendo la misma objeción, que ya había sido declarada sin lugar. Su objeción ya constaba en récord. Por consiguiente, no era imperativo repetirla. Su reiteración a pesar de las advertencias reiteradas del tribunal, paralizó el proceso. Por ello, el tribunal se vio forzado a imponer el desacato sumario para vindicar su autoridad y permitir que el juicio continuara. El error alegado no se cometió.
ni
La autoridad más fundamental que poseen los tribunales es la que busca vindicar la majestad de la ley y hacer efectiva su jurisdicción y sus pronunciamientos. Sterzinger v. Ramírez, 116 D.P.R. 762, 787 (1985). A esos efectos, el Artículo 235 del Código Penal de Puerto Rico, 33 L.P.R.A. sec.4431, reza como sigue:

"§ 4431. Desacato

Será sancionada con pena de reclusión que no excederá de noventa días o multa que no excederá de quinientos dólares o ambas penas a discreción del tribunal, toda persona que realizare 
*1237
cualesquiera de los siguientes actos:

(a)Perturbare el orden, causare ruido o disturbio o se condujere en forma desdeñosa o insolente hacia un tribunal de justicia o un magistrado durante el desarrollo de una investigación judicial o una sesión tendiendo con ello directamente a interrumpir los procedimientos o menoscabar el respeto debido a su autoridad, o en presencia del jurado mientras esté en estrados o deliberando en alguna causa.

(b) Desobediencia a cualquier decreto, mandamiento, citación u otra orden legal expedida o dictada por algún tribunal en un pleito o proceso en que estuviere conociendo.

(c) Resistencia ilegal y contumaz por parte de una persona a prestar juramento o llenar los requisitos como testigo en una causa pendiente ante cualquier tribunal, o se negare sin excusa legítima a contestar cualquier interrogatorio legal, después de haber jurado o llenado dichos requisitos.

(d) Crítica injuriosa o infamatoria de los decretos, órdenes, sentencias o procedimientos de cualquier tribunal tendente a desacreditar al tribunal o aun magistrado.

(e) La publicación voluntaria de cualquier informe falso o manifiestamente inexacto sobre procedimientos judiciales.

El inciso (b) de este artículo es pertinente a la conducta observada por el apelante.

De otra parte, la Regla 242 de Procedimiento Criminal señala:

"Regla 242. Desacato

(a) Procedimiento sumario. El desacato criminal podrá castigarse en forma sumaria siempre que el juez certifique que vio u oyó la conducta constitutiva de desacato y que se cometió en presencia del tribunal. La orden condenando por desacato expondrá los hechos y será firmada por el juez, dejándose constancia de ella en las minutas del tribunal.

(b) Procedimiento ordinario. Salvo lo provisto en el inciso (a) de esta regla, en todo caso de desacato criminal se le dará al acusado previo aviso la oportunidad de ser oído. El aviso expondrá el sitio, hora y fecha de la vista, concederá al acusado un tiempo razonable para preparar su defensa, hará saber al acusado que se le imputa un desacato criminal y expondrá los hechos esenciales constitutivos del mismo. El acusado tendrá derecho a su libertad provisional bajo fianza de acuerdo con las disposiciones de estas reglas. Si el desacato se fundara en actos o conducta irrespetuosa hacia un juez, éste no podrá conocer de la causa excepto con el consentimiento del acusado."

Como puede apreciarse, el citado Artículo 235 del Código Penal tipifica sustantivamente lo que es el desacato propiamente, mientras que la Regla 242 de Procedimiento Criminal prescribe la forma en que dicho delito se procesa. Pérez Pascual v. Vega Rodríguez, 124 D.P.R. 529, 534-35 (1989). Esta regla, en unión a lo resuelto en Coll Moya v. Alcaide Cárcel Municipal, 89 D.P.R. 225 (1963), es la que gobierna el caso ante nos.
La Regla 242 describe dos tipos de procedimiento para encauzar el desacato criminal. El inciso (a) de la regla se refiere al llamado desacato sumario o directo; es decir, aquél cuyos hechos constan al juez porque los presenció personalmente. Pueblo v. García Vázquez, 122 D.P.R. 843, 848 (1988). El inciso (b), por su parte, reglamenta la vía ordinaria para procesar un desacato criminal por hechos que no le constan personalmente al juez. Se trata de circunstancias bajo las cuales, si bien está en juego la dignidad del tribunal, los sucesos ocurrieron fuera de la vista o del oído del juzgador y no es necesaria "indefectiblemente" su intervención inmediata. Pueblo v. Lamberty González, 112 D.P.R. 79, 83 (1982).
Con relación al desacato sumario o directo, el Tribunal Supremo dijo en Pueblo v. Ortiz Padilla, 102 D.P.R. 736, 739 (1974):

*1238
"En los desacatos directos por conducta impropia o desordenada, el juez actúa inmediatamente para vindicar la dignidad del Tribunal. La ley sólo requiere, según expusimos en Coll Moya, que se dicte una orden en la cual se consigne "el acto o actos constitutivos [del] desacato así como la fecha y lugar de su comisión y circunstancias de la misma con especificación de la sentencia del tribunal...", siendo el propósito de este requisito permitir al tribunal de apelación determinar mediante una inspección del récord, si el desacato ha sido realmente cometido y si la corte tenía jurisdicción para castigarlo."

Véase también Pérez Pascual v. Vega Rodríguez, supra.
Así, en Pueblo v. Pérez Díaz, 99 D.P.R. 788, 796 (1971), se ratificó la distinción entre el desacato sumario y el ordinario, y se explicó lo siguiente:

"La Regla 242 de las de Procedimiento Criminal., distingue entre el procedimiento sumario que es cuando el juez certifica que vió u oyó la conducta constitutiva de desacato, y el procedimiento ordinario cuando se le dará al acusado, previo aviso, la oportunidad de ser oído y de preparar su defensa."

Esta distinción entre ambos tipos de desacato criminal plantea unas diferencias importantes. Una de ellas es la forma y el tiempo en que el juez debe imponer el castigo. Así se explica en Pueblo v. Santiago Lavandero, 108 D.P.R. 647, 653 654 (1979):
"La imposición de castigo por desacato "en el acto", es decir, cuando se comete el desacato "a la inmediata presencia y vista" del juez, que dice la See. 3 que hemos transcrito, o cuando el juez "vió [sic] u oyó la conducta constitutiva de desacato" cometida "en presencia del tribunal", que dice la Regla 242(a), no tiene que ser simultánea con la redacción por escrito y firma de la orden o mandamiento a que se refieren ambos textos. La orden o mandamiento, por razones prácticas, usualmente se redacta y firma después que el juez ha tomado la acción drástica que la vindicación inmediata de la dignidad del tribunal requiere. Dicha orden o mandamiento debe prepararse, firmarse y notificarse al inculpado por desacato sin dilación innecesaria. En el caso de autos, no nos queda duda de que el desacato criminal fue uno sumario o directo como lo describe la Regla 242(a). La exposición narrativa de la prueba demuestra claramente que los hechos constitutivos del desacato los vio y oyó el juez. Los autos reflejan además que el incidente del desacato se verificó el 3 de abril de 1996 y ese mismo día se emitió la orden. Nada más exige la ley y la jurisprudencia. En Santiago Lavandero, supra, se exigió que la orden o mandamiento "debe prepararse, firmarse y notificarse al inculpado por desacato sin dilación innecesaria". Véase también Pueblo v. Tribunal Superior, 92 D.P.R 471 (1965). Nótese que no se habla de día o término específico. De cualquier modo, no podría ser más temprano que el mismo día del incidente, como fue en este caso.
IV
Contrario a lo que alega el abogado apelante, la orden emitida contiene todos los elementos constitutivos del desacato, incluyendo el de la intención. Como puede apreciarse, la descripción de los hechos que se hace en la orden es completa:
El Ledo. Malavé Núñez, luego del Tribunal haber resuelto una objeción, continu[ó] argumentando y luego que el Tribunal en 2 ocasiones le advirtiera que se atuviera [a la] determinación del Tribunal y se sentara o se [le] encontraría incurso en desacato, continu[ó] con esa conducta, atrasando los procedimientos, continuando hasta que el tribunal lo encontr[ó] incurso en desacato.
Por supuesto, "[n]o toda desobediencia a una orden del tribunal constituye desacato criminal si en la desobediencia falta el elemento de la intención." Pueblo v. Concepción Fonseca, 101 D.P.R 357, 359 (1973). No obstante, el lenguaje utilizado en la orden expone unos hechos básicos constitutivos de desacato. Utiliza de forma reiterada las conjugaciones del verbo "continuar" y menciona que la conducta del abogado apelante atrasó los procedimientos y se repitió a pesar de múltiples advertencias. Con ello, en la orden se demuestra un patrón obstinado de desobediencia al tribunal y, por ende, el elemento de intención criminal. Concepción Fonseca, id. El tribunal le concedió al abogado apelante dos oportunidades para cesar su conducta. Sin embargo, este último no las aprovechó debidamente. Véase Pueblo v. González Mathews, 109 D.P.R. 683, 685 (1980).
*1239 La conducta observada por el apelante está comprendida en la modalidad de desacato que se contempla en el Artículo 235(b) del Código Penal, supra, (desobediencia a una orden o decreto del tribunal emitida en el curso de un proceso legal). La jurisprudencia nos indica que "en caso que el tribunal concluya que el letrado incurrió en el desacato imputado, la sentencia debe consignar el acto o actos constitutivos de dicho desacato, así como la fecha y lugar de su comisión y las circunstancias de la misma." Pérez Díaz, supra, pág. 802
Los hechos descritos por el juez pueden ser comprendidos por una persona de una inteligencia promedio. El juez no tenía que abundar más para describir una conducta con adjetivos o narraciones en particular.
Por otro lado, la orden cumple también con los requisitos de fecha y lugar. La orden está fechada al pie (3 de abril de 1996) y comienza la narración aduciendo "en el día de hoy". Ello basta para saber la fecha del incidente. Igual sucede con la mención del lugar. ¿Quién puede dudar, al leer la orden, que el incidente sucedió en el Tribunal de Primera Instancia, Sala de Fajardo, ante el Honorable José Esteban Pérez Marrero, Juez?
El caso de Coll Moya, supra, permite unificar la sentencia con la orden o el mandamiento en los casos de desacato sumario o directo. Mantiene, claro está, el requisito de que los hechos, aunque en una sola providencia judicial, sean expuestos definida y específicamente. Sin embargo, en Coll Moya se denegó un habeas corpus solicitado por un abogado que estaba preso por desacato y se sostuvieron dos de los nueve desacatos dictados por el tribunal allí recurrido. Ello distingue dicha opinión del caso que nos ocupa. Aquí hay un sólo desacato dictado por un patrón de conducta similar. En ese sentido, el desacato de marras es equiparable a los dos que se sostuvieron en Coll Moya por razón de que, en ambos casos, los hechos fueron satisfactoriamente descritos en sus respectivas órdenes.
y
Por último, el apelante alega que por el sólo hecho de que el tribunal recurrido pospuso el pago de la multa por cinco días después de haber determinado la comisión del delito de desacato, el procedimiento sumario se convirtió en uno ordinario y, por lo tanto, debió señalarse una vista de desacato, con el resultante derecho del acusado-apelante a ser oído. Discrepamos. Acceder a esa pretensión desvirtuaría lo que cada uno de los dos incisos de la Regla 242 persiguen.
No podemos olvidar que los hechos constitutivos del desacato los vio y los oyó el Juez. Sucedieron en el contexto de una vista evidenciaria que, aunque no iba dirigida contra el apelante por el desacato cometido, incluyó argumentación oral y personal por parte del abogado apelante en defensa de su conducta. Esa conducta consistió en la invocación de objeciones obstinadas durante el desfile de prueba. Aunque el acusado entendió que había incurrido meramente en la práctica normal y aceptable de su profesión, el juez entendió que las objeciones reiteradas eran una táctica para dilatar los procedimientos y un desafío directo a una decisión evidenciaria ya tomada. En este contexto, la celebración de una nueva vista para tratar el desacato de manera ordinaria habría sido un ejercicio en futilidad para reiterar unos hechos muy claros observados personalmente por el juez y en los que el abogado apelante ya había gozado de una oportunidad sustancial de ser oído en la misma vista en la que se suscitó el incidente. En nuestro esquema procesal, la vista de desacato "sólo tiene razón de ser cuando ayuda a salvaguardar derechos fundamentales". Coil Moya, supra, pág. 235 Una nueva vista no habría redundado en mayores garantías para el apelante, sino que habría significado un despilfarro procesal y un formalismo innecesario.
El desacato ordinario, que invoca el apelante, tiene su razón de ser cuando los hechos no le constan al juez, o cuando hay personas que merecen ser vistas y oídas para que muestren justa causa por la que no se debe dictar el desacato, ya que a sus espaldas no sería justo ni válido dictar la sentencia, Coll Moya, id. Pero cuando todos los hechos y los protagonistas que dan lugar al desacato están frente al juez, y no queda ninguna otra cosa por indagar para dictar una sentencia justa, válida y con jurisdicción, un segundo encuentro entre el juez y el acusado por desacato para "recrear" los hechos, es contrario a los propósitos de la ley y la jurisprudencia vigente.
De otra parte, es obvio que la posposición del pago de la multa no significó una suspensión o *1240 prórroga del dictamen o sentencia. La multa es la pena por el delito cometido, desacato ya dictado. En este caso, de hecho, se cuantificó la multa en la misma orden, por lo que ésta no adolece de requisitos de sustancia ni de forma. Constituye un dictamen completo. Lejos de perjudicar al abogado apelante, la posposición de cinco días para que el apelante pagara su multa fue una gracia judicial que habla bien del deseo del Juez Pérez Marrero de dar tiempo y oportunidad al apelante para pagar la multa y evitar ser encarcelado. El apelante no tiene de qué quejarse.
Lo anterior nos convence de que la multa de $200 por desacato criminal sumario impuesta al abogado apelante es razonable y adecuada. Compárese con las multas impuestas en Pueblo v. Santiago Lavandero, supra; Pueblo v. Cuevas Velázquez, 103 D.P.R. 290 (1975). No constituye un abuso de discreción del foro de instancia con el que debamos intervenir. Por supuesto, el Tribunal de Primera Instancia está en libertad de imponer al apelante un nuevo plazo para pagar la multa, si lo entiende necesario en vista del tiempo que tomó esta apelación.
VI
Por todo lo expuesto, se confirma la orden de desacato apelada.
Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 97 DTA 89
1. Dado el carácter final de la orden de desacato, la misma es análoga a una sentencia y, por ende, apelable por el abogado convicto de desacato criminal. Véase el Artículo 4.002(a) del Plan de Reorganización Núm. 1 de la Rama Judicial de 28 de julio de 1994, conocido como la "Ley de la Judicatura de Puerto Rico de 1994", 4 L.P.R.A. sec. 22k(a). La Regla 242 de Procedimiento Criminal hace referencia expresa a que la condena por desacato constará en una "orden". Al respecto, no es necesario que la orden de arresto y la sentencia de desacato consten en documentos separados. Pueblo v. Baigés Chapel, 103 D.P R. 856, 859 (1975); Coll Moya v. Alcaide Cárcel Municipal, 89 D.P.R. 225 (1963).
2. Prescindiremos de discutir lo relativo a la diferencia entre el desacato civil y el criminal por entender que no es crucial para resolver este caso. La jurisprudencia es profusa en cuanto a ello. Véanse D.A.C.O v. Comunidad San José Inc., Opinión de 23 de junio de 1992, 92 J.T.S. 81; U.P.R. v. Alejandro Rivera, 111 D.P.R. 682 (1981); Pueblo v. Lamberty González, 112 D.P.R. 79 (1982); Dubón v. Casanova, 65 D.P.R. (1946); Pueblo v. Paniagua, 33 D.P.R. 902 (1925); Pueblo v. Montalvo, 21 D.P.R. 347 (1914).