*1071 TEXTO COMPLETO DE LA SENTENCIA
La acusada, Aracelis Cruz Meléndez, recurre de las sentencias por alegación de culpabilidad decretadas en ausencia por el Tribunal de Primera Instancia, Sala Superior de Humacao (Hon. Danny López Soto, Juez) en las cuales se le condenó a cumplir seis (6) años consecutivos de cárcel por cada uno de un total de ocho (8) cargos por apropiación ilegal agravada; seis (6) meses consecutivos de cárcel por cada uno de un total de dos (2) cargos por apropiación ilegal menos grave; 90 días consecutivos de cárcel por desacato; y seis meses consecutivos de prisión por la utilización ilegal de una taijeta de crédito. En esencia, el Ministerio Publico le imputó a Cruz Meléndez que se apropió ilegalmente de $2,703 de la cuenta bancaria de la Sra. Gladis Coss Orozco, que sustrajo ilegalmente mediante la utilización de una tarjeta de retiro de fondos ATM, mejor conocida como ATH. Como consecuencia, la condenó a cumplir un total de 60 años con nueve (9) meses de cárcel. Por los fundamentos que exponemos a continuación, concluimos que el Tribunal de Primera Instancia podía dictar sentencia apartándose de lo acordado y sin dar oportunidad a la acusada-peticionaria de retirar la alegación de culpabilidad, pero se excedió al dictar una sentencia de cárcel por términos consecutivos sin que se dieran las condiciones necesarias para ello. Así, con el asentimiento del Procurador General de que, en efecto, se cometió el error señalado, expedimos el auto de certiorari y dejamos sin efecto la sentencia objeto de este recurso.
I
El 1 de febrero de 2000, la acusada-peticionaria y el Ministerio Público llegaron a la siguiente alegación preacordada:

“1. Que el Ministerio Público, representado por su Fiscal Francisco Viera, el imputado [sic] Aracelis Cruz, por medio de su abogado, el Ledo, [sic] Wanda Bonilla, iniciamos conversaciones con miras a establecer, como hemos establecido, un acuerdo mediante el cual el imputado [sic] Aracelis Cruz alegara, como alega, culpabilidad por el delito de Art. 166 según imputado, según consta en pliego.

2. Que a cambio de dicha alegación [de culpabilidad por los delitos imputados], el Ministerio Público se obliga a uno o varios de los siguientes cursos de acción, según se indica en la marca de cotejo:

a. ...

c. (x) Recomendar una sentencia en particular, o no oponerse a la solicitud que haga la defensa sobre una sentencia específica, entendiéndose que ni lo uno ni lo otro serán obligatorio para el tribunal. 6 años concurrentes entre sí con restitución paulatina de $1,500.00.

d....

e. () Otros. Referir a TASIC.

3....

5. Que las partes aquí comparecientes están conscientes de que de este acuerdo entre nosostros, [sic] referirse al inciso (c) del segundo párrafo, y del Tribunal no aceptar la recomendación del Fiscal o la solicitud 
*1072
de la defensa hecha en este acuerdo, el imputado no tendrá derecho a retirar la alegación por éste en el primer párrafo de este acuerdo. ”

En la misma fecha -1 de febrero de 2000- estaba señalado para comenzar el juicio. Empero, las partes le informaron al tribunal del acuerdo alcanzado, y luego de cerciorarse que la acusada-peticionaria había acordado el mismo voluntariamente, el foro sentenciador le impartió su aprobación. Así, pues, la acusada-peticionaria, Cruz Meléndez, se declaró culpable de violar los Artículos 165, 166 y 269 del Código Penal, 33 L.P.R.A. sees. 4271, 4272, 4556. El tribunal ordenó, entonces, la preparación de un informe pre-sentencia y señaló el acto de pronunciamiento de sentencia para el 6 de abril de 2000. En ese acto, Cruz Meléndez debería traer la mitad del dinero apropiado. Debería producir el remanente poco tiempo después. Se le advirtió a Cruz Melendez que si no comparecía, se le sentenciaría en ausencia.
Ello no obstante, aunque su abogada hizo acto de presencia, Cruz Melendez no compareció al pronunciamiento de sentencia. El tribunal ordenó entonces su arresto bajo fianza y pospuso el pronunciamiento de sentencia para el 4 de mayo de 2000.
En ese segundo señalamiento, Cruz Meléndez volvió a ausentarse. Su abogada informó que Cruz Meléndez no había podido ni siquiera ser arrestada y que se encontraba, aparentemente, deambulando, debido a que era drogadicta.
El tribunal procedió entonces a dictar sentencia, en los términos antes señalados. También impuso $300 de arancel para cada uno de los ocho cargos por delito grave y $100 para cada uno de los dos cargos por delito menos grave, conforme a la Ley para la Compensación a Víctimas de Delito, 25 L.P.R.A. see. 981 y ss.
El lunes 5 de junio de 2000, Cruz Meléndez radicó la presente solicitud de certiorari. Su contención principal es que la sentencia en términos consecutivos dictada, es ilegal, y responde a que su incomparecencia pesó indebidamente en el ánimo del tribunal sentenciador. Además, señala que no procede la imposición de la sentencia por desacato sin que se celebrara vista. El 23 de junio de 2000, emitimos una orden de mostrar causa al Ministerio Público. Este compareció oportunamente. Con el beneficio del estudio de los alegatos de las partes y el récord reproducido en el apéndice de la solicitud de certiorari, resolvemos.
II
Toda alegación preacordada se rige por la Regla 72 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Pueblo v. Marrero Ramos, Rivera López, 125 D.P.R. 90 (1990). Dicha regla dispone, en su inciso (1), que ''[e]l fiscal y el imputado, por mediación de su abogado, podrán iniciar conversaciones con miras a acordar que, a cambio de una alegación de culpabilidad por el delito alegado en la acusación o denuncia, o por uno de grado inferior o relacionado, el fiscal se obliga a uno o varios de los siguientes cursos de acción: (a) solicitar el archivo de otros cargos pendientes que pesen sobre... el imputado"(b) eliminar [toda] alegación de reincidencia o delincuencia habitual; (c) recomendar una sentencia en particular, o no oponerse a la solicitud que haga la defensa sobre úna sentencia específica..."; o “(d) acordar que determinada sentencia específica es la que dispone adecuadamente del caso." Según la propia Regla 72, solamente la recomendación objeto de la cláusula ©, no es obligatoria para el tribunal. De aceptar una alegación de culpabilidad preacordada bajo cualquiera de las otras cláusulas arriba transcritas, el tribunal está obligado a dictar sentencia según los términos acordados por el Ministerio Público y la defensa.
La Regla 72 prohíbe que el tribunal participe en estas conversaciones. En esta primera etapa, el objetivo del Ministerio Público es obtener una alegación de culpabilidad que satisfaga, tanto el interés de retribución y rehabilitación que tiene la sociedad, como el interés particular de la víctima en que el acusado pague su culpa. La segunda etapa del proceso de alegaciones preacordadas, se rige por los incisos 2 al 7 de la Regla 72 de Procedimiento Criminal. El inciso 2 dispone, en parte:

*1073
“(2) De llegarse a un acuerdo, las partes notificarán de sus detalles al tribunal en corte abierta, o en cámara, si mediare justa causa para ello. Dicho acuerdo se hará constar en récord. Si el imputado se refiere a alguno de los cursos de acción especificados en las cláusulas (a), (b) y (d) del inciso (1) de esta regla, el tribunal podrá aceptarlo o rechazarlo, o aplazar su decisión hasta recibir y considerar el informe presentencia.... ”.

El inciso 3 de la Regla 72 reconoce la potestad del tribunal para aceptar la alegación preacordada, y el inciso 4 la facultad para rechazarla:

“(3) Si la alegación preacordada es aceptada por el tribunal, éste informará al imputado que la misma se incorporará y se luirá formar parte de la sentencia.

(4) Si la alegación preacordada es rechazada por el tribunal, éste así lo informará a las partes y advertirá al imputado personalmente en corte abierta, o en camara, si mediare justa causa para ello, que el tribunal no está obligado por el acuerdo, y brindará al imputado la oportunidad de retirar su alegación. Le advertirá, además, que si persiste en su alegación de culpabilidad, la determinación final del caso podra serle menos favorable que la acordada entre su abogado y el fiscal. De este trámite, se tomará constancia en el récord. ”

Podemos resumir estos incisos como sigue: Cuando la alegación preacordada se presenta bajo la cláusula (c) del inciso (1) de la Regla 72 de Procedimiento Criminal, el tribunal está ante una recomendación de sentencia que hace una de las partes sin que la otra se oponga. Las partes se atienen a lo que decida el tribunal. Por lo tanto, la recomendación no obliga a este último. El tribunal puede imponer una sentencia distinta a la sugerida, sin tener que dar oportunidad al imputado de cambiar su alegación de culpabilidad a una de inocencia.
En cambio, cuando la alegación preacordada se hace bajo cualquiera de las restantes cláusulas del inciso (1) de la Regla 72, el tribunal se encuentra ante un acuerdo transaccional en el que las partes han estipulado lo que consideran es la sentencia adecuada en el caso. Por supuesto, la palabra final es del tribunal. Este no está obligado a aceptar el acuerdo. Sin embargo, una vez lo acepta, el tribunal deberá dictar sentencia según lo acordado.
En otras palabras, la aceptación de la alegación preacordada por el tribunal, excepto cuando se trata de una alegación para recomendar, o no oponerse a determinada sentencia, según se dispone en la cláusula (c), supra, significa que el tribunal acepta dictar sentencia según lo estipulado por el fiscal y la defensa. Si lo acordado por éstos no satisface al tribunal, éste puede negarse a dictar sentencia según lo estipulado por las partes, pero viene obligado entonces a permitirle al acusado retirar su alegación de culpabilidad.
La alegación preacordada en este caso se hizo bajo el citado inciso (c), por lo cual las partes están obligadas a atenerse a la sentencia que dicte el tribunal. Este último no está obligado a dictar la sentencia que recomendaron las partes. Así lo pactaron las partes expresamente. Ello, sin embargo, no autoriza al tribunal a dictar una sentencia ilegal.
En este caso, el Procurador General acepta que la sentencia dictada no se ciñe a los parámetros de ley para fijar penas de prisión por términos consecutivos en lugar de concurrentes. Al respecto, la Regla 180 de Procedimiento Criminal, supra, dispone:

“Regla 180. TERMINOS QUE NO PODRAN CUMPLIRSE CONCURRENTEMENTE.

No podrán cumplirse concurrentemente, los términos de prisión que deban imponerse en los siguientes casos:

(a) Cuando el reo fuere sentenciado por delito cometido mientras estuviere bajo apelación de otra causa o causas o mientras estuviere en libertad por haberse anulado los efectos de una sentencia condenatoria.

*1074
(b) Cuando el reo estuviere recluido o tuviere que ser recluido por sentencia a prisión en defecto de pago de cualquier multa impuéstale.

(c) Cuando el reo cometiere el delito mientras estuviere recluido en una institución penal o cumpliendo cualquier sentencia.

(d) Cuando el reo cometiere delito mientras estuviere en libertad bajo palabra o bajo indulto condicional o bajo cualquier medida de liberación condicional en la cual se le considerare cumpliendo la sentencia impuesta por el tribunal.

(e) Cuando el reo fuere sentenciado por delito cometido mientras estuviere en libertad bajo fianza, acusado por la comisión de delito grave.

(f) Cuando el reo fuere sentenciado por delito grave o menos grave, según se tipifican en la see. 4248 del Título 33. ”

En estricto sentido literal, la referida regla no obliga a revocar la sentencia dictada. Ahora bien, como reconoce el Procurador General en su escrito en mostración de causa, la Regla 180, Id., establece las circunstancias que impiden que los términos de prisión se impongan de manera concurrente, pero no obliga a imponer los términos de esa manera.
La imposición de la pena descansa en la sana discreción del tribunal sentenciador. Esa discreción, por supuesto, no es ilimitada. Por consiguiente, la sentencia puede ser revocada, si, al imponerla, medió abuso de discreción.
El Tribunal Supremo ha definido así el concepto "discreción

“Discreción, naturalmente, significa tener el poder para decidir en una u otra forma; esto es, para escoger entre uno o varios cursos de acción. En el ámbito judicial, sin embargo, el mencionado concepto 'no significa poder para actuar en una forma u otra haciendo abstracción el resto del Derecho'. Pueblo v Sánchez González, 90 D.P.R. 197, 200 (1964).”

No resulta fácil precisar cuándo un tribunal de justicia incurre en un abuso de discreción. No tenemos duda, sin embargo, de que el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad. Como expresáramos en Sánchez González, ante, discreción "...es, pues, una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera...".
Pueblo v. Ortega Santiago, 125 D.P.R. 203, 211 (1990).
A renglón seguido, el Tribunal abundó en lo que se entiende por "abuso de discreción

“El abuso de discreción se puede manifestar de varias maneras en el ámbito judicial. Se incurre en ello, entre otras y en lo pertinente, cuando el juez, en la decision que emite, no toma en cuenta e ignora sin fundamento para ello un hecho material importante que no podía ser pasado por alto; cuando, por el contrario, el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos. Id. págs. 211-212. Véase también, Pueblo v. Gastón Torres, resuelto el 3 de noviembre de 1995, 95 J. T.S. 147, pág. 235 (Opinión disidente del Juez Asociado Rebollo López). ”

Uno de los requisitos de toda sentencia, es que sea proporcional a la ofensa cometida. Pueblo v. Sánchez Molina, 134 D.P.R. 577 (1993); Pueblo v. Pérez Zayas, 116 D.P.R. 197 (1985). En este caso, una persona que *1075 se apropió ilegalmente de $2,703 tendrá que pasar alrededor de 49 años de su vida en prisión. Eso es totalmente contradictorio con el hecho de que el tribunal impuso el mínimo de las penas por los delitos bajo los cuales Cruz Meléndez se declaró culpable. Ello significa que el tribunal concluyó, luego de estudiar el informe pre-sentencia, que existían circunstancias que atenuaban la severidad de la pena. Ello aconsejaba la imposición de penas de prisión a servirse concurrentemente, no de forma consecutiva. El tribunal, pues, cometió un abuso de discreción, al dejarse llevar por la incomparecencia de la acusada-peticionaria. En otras palabras, "el juez, sin justificación y fundamento alguno para ello, le concedjio] gran peso y valor a un hecho irrelevante e inmaterial y bas[ó] su decisión exclusivamente en el mismo; o..., no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopes [ó] y calibrjó] los mismos." Pueblo v. Ortega Santiago, supra. El resultado es similar al que narró Víctor Hugo en su novela Los Miserables, en la cual un hombre -en medio de la pobreza extrema-, pasó su vida huyendo de las autoridades luego de ser condenado a prisión por robarse un pedazo de pan para saciar su hambre.
III
Con encomiable entereza, el Procurador General coincide con este criterio y recomienda que se devuelva el caso para que la acusada-peticionaria sea resentenciada. Además, en cuanto a la sentencia por desacato, objeto de otro señalamiento de error, el Procurador General acepta que el desacato sumario procede solamente cuando el juez certifica que vio y oyó la conducta constitutiva de desacato. En ese caso, a diferencia del desacato ordinario, no es necesaria una vista de desacato. La orden al respecto estará firmada por el juez y expondrá los hechos que constituyen el desacato. Pueblo v. García Vázquez, 122 D.P.R. 843 (1988).
Por el contrario, los casos como este, en los cuales una parte ha desobedecido una orden del tribunal (aquí una orden de comparecer o citación), se catalogan como desacato ordinario y requieren siempre que al acusado se le de una oportunidad de ser oído. E.L.A. v. Asoc. de Auditores, Contadores y Especialistas del Negociado de Contribución sobre Ingresos, Opinión de 11 de marzo de 1999, 99 J.T.S. 25; Pérez Pascual v. Vega Rodríguez, 124 D.P.R. 529 (1989); Sterzinger v. Ramírez, 116 D.P.R. 762 (1985). Véanse, Art. 235 del Código Penal, supra sec. 4431; Regla 242 de Procedimiento Criminal, supra.
En este caso, el tribunal tampoco cumplió con estos requisitos procesales. Si se interesa castigar a Cruz Meléndez por desacato criminal, hay que recurrir al procedimiento ordinario y darle la oportunidad de defenderse enjuicio. La sentencia dictada, no puede prevalecer.
IV
Por todo lo expuesto, se expide el auto de certiorari, se revocan las sentencias objeto de este recurso y se devuelve el caso al Tribunal de Primera Instancia para que se resentencie a la acusada-peticionaria, Aracelis Cruz Meléndez, por los delitos estatuidos en los Artículos 165, 166 y 269 del Código Penal, supra, de conformidad con lo expuesto en esta Sentencia. Además, se ordena que para procesar a la acusada-peticionaria Cruz Meléndez, por desacato criminal, se deberá cumplir con los requisitos dispuestos en el Artículo 235 del Código Penal, supra, la Regla 242 de Procedimiento Criminal, supra, y la jurisprudencia que interpreta estos preceptos, dándosele a la acusada-peticionaria la oportunidad de defenderse y ser oída.
Lo acordó y ordena el Tribunal, y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIO 2001DTA 86
1. Significa automatic teller machine.